## ISAAC STROUSE *vs.* HENRY N. WHITTLESEY, JR.

The defendant was driving through a city street in the evening, on the right hand side of the street, at a moderate speed, and in passing a team standing on the same side of the road was compelled to turn into the middle of the street, and in so doing necessarily occupied about two and a half feet of the left hand side of the street. In thus passing around the standing team he

came ·into collision with the plaintiff's vehicle which was coming towards him. There was ample room for both teams, but neither driver discovered the other till the moment of collision, and both the plaintiff and defendant were using ordinary care. Held that the defendant was not liable for the damage.

Such a case is one merely of misfortune and accident, where each party must sustain· the damage which happens to befall him.

TRESPASS ON THE CASE, for an injury by the negligent driving of the defendant; brought to the Court of Common Pleas of New Haven County. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*Driscoll* and *Asher*, for the plaintiff.

*Wright* and *H. L. Harrison*, for the defendant.

PHELPS, J. The record in this case presents a very clear case of injury without proof of such negligence as renders the defendant legally responsible. The plaintiff and defendant were passing in opposite directions through Orange street in the city of New Haven in the evening, both driving at moderate speed, and in the exercise of such care as is ordinarily observed by drivers, and each on the proper side of the street. The street is twenty-six feet wide at the place of contact. Of that space eight feet on the side the defendant was driving was occupied by a standing team. He turned into the middle of the street only so far as was reasonably necessary to pass the standing wagon, and in so doing occupied two feet and four inches beyond the center line of the street. He did not discover the plaintiff's vehicle until the instant of the collision. The plaintiff had the remainder of the street, ten feet and eight inches, which was double the room which he actually required.

Each party followed the rule which required him to keep to the right hand side of the way, and but for the standing team no collision would have occurred. The defendant had a right to pass that team, and if necessary for that purpose, to cross the center line of the street, provided he observed proper care in doing so, and saw that sufficient room was

reserved for any team to pass in safety which might be coming from the opposite direction. He appears from the finding to have done his duty in this respect, and the facts disclose a case of misfortune and accident, without negligence or fault, in which the parties must respectively sustain the damage which happened to befall them.

We advise the Court of Common Pleas to render judgment for the defendant.

In this opinion the other judges concurred.