LYONS *v.* CHILD *& a.*

In trespass for breaking the plaintiff's carriage by collision, the question
whether the defence of accident and freedom from fault is admissible
under the general issue may be waived by the plaintiff's omission to
present the question at the trial.

An amendment of the pleadings, after trial, may be made without a new
trial, when the result would not have been affected if the amendment
had been made before trial.

The general rule of the common law of torts imposes liability for actual
fault only.

The law of the road requiring travellers to turn to the right of the centre
(G. L., c. 75, ss. 11, 12), does not render a traveller liable for a colli-
sion caused by his not turning to the right, if he is in no actual fault
either for not knowing he is on the left side or for not knowing he is
approaching a vehicle.

TRESPASS, for breaking the plaintiff's wagon by driving the
defendant's wagon against it. Plea, the general issue. Facts
found by a referee. On a dark night the defendants, riding in a
wagon in a highway, met two daughters of the plaintiff riding in
his wagon. The daughters, hearing a carriage approaching, turned
to the right of the centre of the travelled part of the road, and
stopped. Their horse had been walking and their team was not
heard, and on account of the darkness was not seen by the de-
fendants, who did not turn out because they were not aware of
the presence of the plaintiff's team in the road. The defendants'
horse, going at a moderate trot, turned to the right, but not far
enough to avoid a collision. The defendants' left wheel struck the
plaintiff's wagon and broke it. There was no negligence or fault
on either side. After the evidence was closed, the plaintiff moved
to amend the declaration by adding a count in assumpsit. The
court ordered judgment for the defendants, and the plaintiff ex-
cepted.

*P. Carpenter*, for the plaintiff. 1. The defence that the colli-
sion occurred by mere accident, without any fault of the defend-
ants, is not available under the general issue. It should have been
pleaded specially. The defendants having broken the plaintiff's
wagon by driving against it, the plaintiff is entitled to judgment
on the general issue. *Knapp v. Salsbury*, 2 Camp. 500; *Milman
v. Dolwell*, 2 Camp. 378; *Cotterill v. Starkey*, 8 C. & P. 691; *Boss
v. Litton*, 5 C. & P. 407; *Pearcy v. Walter*, 6 C. & P. 232; *Hall
v. Fearnley*, 3 A. & E. (N. S.) 920; Bac. Abr., Trespass I; 1 Sel-
wyn N. P. 24; *Van Buskirk v. Irving*, 7 Cow. 35; 2 Gr. Ev., ss.
613, 625; 1 Ch. Pl. 520; 3 Ch. Pl. 1097, notes *f* and *g;* Stephen Pl.

178; 2 Addison Torts 722, 723; *Stow* v. *Scribner*, 6 N. H. 24; *Jewett* v. *Goodall*, 19 N. H. 563; *Fuller* v. *Rounceville*, 29 N. H. 562; *Wheeler* v. *Whitney*, 59 N. H. 197.

2. The defendants would be liable on any plea. The statute required them seasonably to turn to the right of the centre of the travelled part of the road,' and made them liable for the damage occasioned by their violation of the law. G. L., *c.* 75, *ss.* 11, 12.

The centre of the travelled part has been construed to mean the centre of the worked or wrought part of the highway, and not the centre of the usually travelled track, which might run close to the fence on one side. *Earing* v. *Lansingh*, 7 Wend. 185; *Simmonson* v. *Stellenmerf*, Edm. Sel. Ca. 194; *Clark* v. *Com.*, 4 Pick. 125; *Jaquith* v. *Richardson*, 8 Met. 213, 216; Shearman & Red. Neg., *s.* 308.

This collision would not have happened if the defendants had seasonably turned to the right of the centre of the road. The damage was occasioned by their violation of the statute. The mere fact that at the time of the collision their left wheel was on the left of the centre determines their liability. It was legal negligence thus to occupy the half of the way appropriated by law to others having occasion to use it. The question of negligence under the statute is one of law arising upon the facts proved. The wrong consisted in placing themselves where they might be the cause of the injury which has resulted, that is, on the prohibited side of the way. It was legal fault in them to be there. *Brooks* v. *Hart*, 14 N. H. 307; *Graves* v. *Shattuck*, 35 N. H. 257, 269; *Norris* v. *Litchfield*, 35 N. H. 271, 277; *Palmer* v. *Barker*, 2 Fairf. 338; *Earing* v. *Lansingh*, *supra*; *Jaquith* v. *Richardson*, *supra*; *Simmonson* v. *Stellenmerf*, *supra*; *Fales* v. *Dearborn*, 1 Pick. 345; *Clark* v. *Com.*, *supra*; *Com.* v. *Gammons*, 23 Pick. 201; *Com.* v. *Allen*, 11 Met. 403; *Goodhue* v. *Dix*, 2 Gray 181; *Hall* v. *Ripley*, 119 Mass. 135; *Goslee* v. *Shute*, 18 How. 463, 466, 467; Cooley Torts 666. In *Parker* v. *Adams*, 12 Met. 415, the plaintiff was in fault.

The defendants are liable at common law. *Leame* v. *Bray*, 3 East 593; *Gates* v. *Miles*, 3 Conn. 70; *Barnes* v. *Chapin*, 4 Allen 445; *Vincent* v. *Stinehour*, 7 Vt. 66; *Percival* v. *Hickey*, 18 Johns. 284; *Guille* v. *Swan*, 19 Johns. 381; *Castle* v. *Duryee*, 2 Keyes 169; 1 Ch. Pl. 127; 2 Stark. Ev. 1443; *Cruden* v. *Fentham*, 2 Esp. 685; Shearman & Red. Neg., *s.* 310; *Chaplin* v. *Hawes*, 3 C. & P. 554; *Turley* v. *Thomas*, 8 C. & P. 103; *Jackson* v. *Tollett*, 2 Stark. 37.

Aside from the statute and the rule of the road, the defendants are liable, as they have not shown that the collision was an inevitable accident. *Weaver* v. *Ward*, Hob. 134; *Ricker* v. *Freeman*, 50 N. H. 428; *The Granite State*, 3 Wall. 314; *Dygert* v. *Bradley*, 8 Wend. 472; *U. S. Company* v. *Company*, 24 How. 307; *Gray* v. *Fraser*, 21 How. 193, 194; *The Louisiana*, 3 Wall. 173; *Center*

v. *Finney*, 17 Barb. 94; *Merritt* v. *Earle*, 29 N. Y. 115; *Fletcher* v. *Rylands*, L. R. 1 Ex. 265; *Morris* v. *Platt*, 32 Conn. 85–88; 1 Selwyn N. P. 22; *Wakeman* v. *Robinson*. 1 Bing. 213; *Mahew* v. *Boyce*, 1 Stark. 423; *Templeman* v. *Haydon*, 12 C. B. 507; *Payne* v. *Smith*, 4 Dana 497; *Jennings* v. *Fundeburg*, 4 McCord 161; Year Book, H. 7, 28 *a; Underwood* v. *Hewson*, 1 Stra. 596; *Bullock* v. *Babcock*, 3 Wend. 391; *Welch* v. *Durand*, 36 Conn. 186; *Cole* v. *Fisher*, 11 Mass. 139; Shearman & Red. Neg., *s.* 5; *Jager* v. *Adams*, 123 Mass. 27; *Culbertson* v. *Shaw*, 18 How. 587. The intention is immaterial. *Ricker* v. *Freeman, supra;* 2 Gr. Ev., *s.* 622; 3 Stark. Ev. 1443; *Gates* v. *Miles, supra*. *Brown* v. *Collins*, 53 N. H. 442, was a case of unavoidable accident.

*S. B. Page*, for the defendants.

Doe, C. J. If a plea of accident (absence of negligence and fault) was necessary, the plaintiff by silence waived objection at the trial when an amendment of the pleadings could have been offered. All the facts were found by the referee upon a full trial of the question of negligence, as if that question was presented by the record. From the plaintiff's silence the defendants could fairly infer, and they could fairly act upon the inference, that the admissibility of their defence under the general issue was not contested. The objection, that the evidence of the defendants' exercise of due care is irrelevant on the general issue and inadmissible without a special plea, is not seasonably taken after trial. As the trial and the referee's finding of facts would not have been affected by a special plea of accident, such a plea, if necessary, could be filed now without a new trial. *Roulo* v. *Valcour*, 58 N. H. 347; *Elsher* v. *Hughes*, 60 N. H. 469.

The referee's report, that there was no negligence or fault on either side, means that both parties exercised due care, and raises no legal question of degrees of diligence. The collision was not a common-law exception to the general common-law rule, that an accident, without actual fault in either party, is not a cause of action. *Brown* v. *Kendall*, 6 Cush. 292; *Strouse* v. *Whittlesey*, 41 Conn. 559; *Brown* v. *Collins*, 53 N. H. 442. Travelling on the left side of the road is not of itself unlawful. *Gale* v. *Lisbon*, 52 N. H. 174. In *Brooks* v. *Hart*, 14 N. H. 307, a legal presumption of fault was drawn from the fact that the defendant intentionally drove on the left side; but no opinion was given on a case of mere accident and misfortune, such as this is;—and it is not necessary to examine the soundness of a legal presumption drawn from intended presence on the left side. These defendants did not intentionally drive on the left side, and did not know their left wheel was on that side. Their ignorance was not culpable, and they are not liable, unless the presence of their left wheel on that side, without knowledge or actual fault on their part, was a violation of the statutory law of the road, and a constructive wrong.

"Whoever travelling with any vehicle meets any other person so travelling, on a highway or bridge, shall seasonably turn to the right of the centre of the travelled part of the road, so as to enable such person to pass with his vehicle without interference." "Every person violating" this law "shall be fined not more than ten dollars, and shall be liable for the damages occasioned thereby." G. L., *c.* 75, *ss.* 11–14.   Upon this statute the defendants were not liable for damages in a civil action, unless they were also finable in a criminal prosecution.  A mere physical act or omission without concurrence of the will may be punishable.  A degree of diligence that will prevent harm may be made a legal duty; but a universal requirement of it has not been regarded as consistent with reasonably necessary enterprise, and that degree of freedom, comfort, and prosperity which the community have a right to enjoy.  An act which a man does not intend to commit, of which he is unconscious, and for which he is in fact blameless, is not ordinarily imputed to him as a penal offence by the unwritten or the written law.  Matter is not capable of crime; and the criminal law does not generally accomplish its object by a conclusive presumption of mental guilt contrary to the fact.

Since the statutory revision of 1867, the law of the road requiring travellers to turn to the right, and the law of the civil liability of towns for defective roads, have been united in one chapter under the title of "Damages happening in the use of highways." Chapter 74 subjects towns to indictment and fine for neglect of their highway duty.  Construed by the analogy of the common law, which generally imposes liability for actual fault only, the statute does not punish a town, in no actual fault, for having no knowledge of an obstruction in a highway.  Without intellectual delinquency found as a fact and not merely presumed by law, the town is not liable, in a criminal or a civil action, for damage caused by the obstruction.  And no sufficient reason is suggested for construing the latter part of chapter 75 against the analogy of the common law, and holding this collision to be a constructive fault of the defendants, who were in no actual fault either for not knowing their left wheel was on the left side of the centre of the road, or for not knowing they were approaching the plaintiff's wagon.

The insertion of a count in assumpsit in the declaration would be an amendment that justice does not seem to require.

*Exception overruled.*

STANLEY, J., did not sit : the others concurred.