Hillsborough, }
  Feb. 4, 1902. }

## BRESNEHAN v. GOVE.

A general finding of a referee which is dependent upon the determination of an issue of fact will not be set aside unless it appears from the reported facts that reasonable men could not differ as to an opposite conclusion.

The fact that the defendant in an action for negligence was at the time of the accident driving at an unlawful rate of speed is competent evidence upon the question of his care, but not conclusive; and a general verdict in his favor is equivalent to a specific finding that the illegal speed was not the proximate cause of the plaintiff's injury.

CASE, by a minor by his next friend, for negligently driving a team and running upon him on Spruce street in Manchester, January 14, 1896. Facts found by a referee, upon whose report judgment was ordered for the defendant at the May term, 1901, of the superior court by *Pike*, J., subject to the plaintiff's exception.

At the time of his injury the plaintiff was about eleven years old, and of ordinary size and intelligence for one of that age. His home was at the southeast corner of the intersection of Lincoln street, which runs north and south, with Spruce street, which runs east and west. When there was good sleighing Spruce street was used as a speed-way, under regulations by the city authorities. The plaintiff knew this street was used for speeding, and had been

warned by his father to look out for horses. On the day of the accident he was on the north side of Spruce street. The speeding was about over. A store-sleigh was driven south on Lincoln street and around the corner into Spruce street going east, keeping to the left of the center of the street. The plaintiff jumped upon the sleigh and rode about one hundred feet, when he got off and began to run southwesterly across Spruce street toward his home. The defendant was driving east on the southerly side of Spruce street, at a distance of four or five feet from the curbing and at the rate of eight to ten miles an hour. When about 200 or 300 feet west of Lincoln street he saw the store-sleigh turn the corner, and later saw the plaintiff get on and off the sleigh and run across Spruce street. At first the plaintiff ran southwesterly until within about five feet of the curb, when he stopped and hesitated, turning northerly and not seeing the defendant's team. He was probably somewhat confused by the shouting of boys who were warning him. He then had time to get across. While standing in that position he was struck by the defendant's horse and injured. Upon these facts the referee found the defendant was not guilty.

*Joseph W. Fellows*, for the plaintiff.

*George W. Prescott* and *Herbert S. Clough*, for the defendant.

WALKER, J. The plaintiff assumed the burden of showing by a preponderance of evidence that the defendant was guilty of negligence which naturally resulted in, or caused, the injury complained of, and that he himself was exercising due care. That there was competent evidence in his favor upon both of these issues may be true; but the question is whether the facts disclosed by the case render it certain as a proposition of law that he is entitled to a verdict. Although the referee has found a general verdict in favor of the defendant, the plaintiff insists that the law applicable to the facts renders such a result erroneous, and demonstrates that a verdict in his favor should be ordered. In other words, his position is that the reserved case conclusively establishes the fact that the defendant's negligence was the proximate cause of the plaintiff's injury; for, if it appears that the referee's general finding may be legally supported by the facts, the verdict must stand, although some other tribunal might have reached the opposite result upon the same evidence. No specific findings are reported upon the issues of negligence presented by the case; and since the determination of those issues depends upon inferences of the existence or non-existence of reasonable care and prudence in the conduct of the parties, to be drawn from the reported facts, the duty of

drawing such inferences falls within the appropriate province
of the trier of the facts (*Nutter* v. *Railroad*, 60 N. H. 483, 485;
*Stark* v. *Lancaster*, 57 N. H. 88, 93), unless it appears that reason-
able men could not differ as to the conclusions warranted thereby.
*Hardy* v. *Railroad*, 68 N. H. 523, 536.

The referee has found that when the defendant was some dis-
tance from the place of the accident, the plaintiff started to run
across the street, and that if he had continued to run in that di-
rection he would have reached the sidewalk and avoided the colli-
sion with the defendant's team. If it be conceded that the plain-
tiff's act in running across the street was not a negligent one
under the circumstances, it was competent for the referee to find
that his ceasing to run and standing in the street in front of the
defendant's approaching team was negligence, which was the proxi-
mate cause of his injury. If a man in the full possession of
his faculties had done the same thing under the same circum-
stances, it could not be doubted that a finding that he was negli-
gent would be amply supported by the evidentiary facts reported.
The mere fact that the plaintiff did not see the defendant's swiftly
approaching team does not necessarily relieve him from the im-
putation of negligence. Indeed, it might be strong evidence of his
want of reasonable care in not ascertaining the conditions sur-
rounding him. To run into the middle of a public thoroughfare
and to stand there without giving any attention to the approach of
teams that he ought reasonably to anticipate,— to close his eyes to
the obvious dangers of his situation,— would at least be evidence
of negligence on his part naturally and directly contributing to his
injury, in case a passing team collided with him while in that posi-
tion. The question would be : was he in the exercise of due
care? If he was, his right to recover would depend upon the
finding in regard to the defendant's negligence. If he was not,
the question might arise whether the defendant, after discovering
the plaintiff's perilous position, or being in fault for not discover-
ing it, could have prevented the collision by the exercise of rea-
sonable care; for if he could, it would be his duty to do so, and
his neglect to perform that duty might be deemed the proximate
cause of the accident. *Parkinson* v. *Railway*, *ante*, *p.* 28. Both
parties may have been negligent, while the negligence of one alone
may have been the efficient legal cause of the collision. To ascer-
tain what that cause was and to whose negligence it is chargeable
would require a finding of fact, as to which, in cases like the pre-
sent, reasonable men might differ. It would be, therefore, a ques-
tion for the tribunal trying the facts — not for the court decid-
ing the law.

If it is assumed that the speed at which the defendant was

driving his team at the time of the accident was illegal, because in violation of an ordinance of the city and of the provision of the statute (P. S., c. 264, s. 18), that fact is only evidence that if he had been driving at a slower rate the collision might not have occurred, and hence that it was the efficient cause of the accident as a matter of fact. But it does not establish the proposition, as a matter of law, that if his rate of speed had not exceeded five miles an hour (the statutory limit) the accident would not have happened, or that the plaintiff, in the exercise of such care as he was bound to use in view of his knowledge of the character of the driving on the street at that time, might not have protected himself from injury. Such conclusions would naturally require a consideration of the distance between the parties after the plaintiff stopped running; for it might be true that if the horse was traveling only four or five miles an hour the collision would be as liable to happen as it was while he was going at a greater rate; and if this were so, the fact of the defendant's illegal speed would not be of controlling importance upon the question of his liability. *Brember* v. *Jones*, 67 N. H. 374; *Bly* v. *Railway*, 67 N. H. 474, 478; *Clark* v. *Railroad*, 64 N. H. 323; *Nutter* v. *Railroad*, 60 N. H. 483; *Norris* v. *Litchfield*, 35 N. H. 271, 277. If, as the plaintiff claims, he had a right to assume that parties driving horses on the street would keep within the legal rate of speed, he cannot recover upon that ground, unless the defendant's illegal speed was the proximate cause of the injury. The finding of a verdict for the defendant is equivalent to a specific finding that it did not have that effect, and is not inconsistent with the facts reported.

The fact that the plaintiff was only eleven years of age does not relieve him in this case from the obligation to use such care and prudence as persons of his age and intelligence would naturally be expected to use under the same circumstances. To say that boys of that age are incapable of exercising care, when placed in positions of danger, would contradict the universal experience of mankind. " An infant is bound to use the reason he possesses, and to exercise the degree of care and caution of which he is capable. If the plaintiff could by the due exercise of his intellectual and physical powers have avoided the injury, he is no more entitled to recover than an adult would be under the same circumstances." *Buch* v. *Company*, 69 N. H. 257, 259; *Bisaillon* v. *Blood*, 64 N. H. 565; *Morey* v, *Railway*, 171 Mass. 164; *Thompson* v. *Railway*, 145 N. Y. 196. Whether the plaintiff was laboring under great mental excitement and fear when the accident occurred, and, if so, what effect that nervous condition had upon the degree of care he exercised to avoid injury from passing

teams, and how far it would furnish an excuse for his negligent. acts, are questions not specifically answered by the case and not. capable of solution as matters of law.

*Exception overruled.*

All concurred.