Rockingham, }
Oct. 1, 1918. }

CALVIN PAGE & a. v. FRANK E. BROOKS.

In a bill to enjoin a nuisance, a valid city ordinance in the nature of a police regulation is admissible to show the unreasonableness of the defendant's acts.

A city ordinance requiring one proposing to erect a steam-mill, or garage, &c., to petition the city council, setting forth the location, materials, dimensions, &c., of the proposed building, and, before erecting the same, to obtain a license therefor, is valid for the purpose of authorizing reasonable regulation, and is not an arbitrary exercise of legislative power erroneously assumed.

Upon a bill to enjoin a nuisance, the question what is a reasonable use of the defendant's land is a question of fact, to be determined in the light of all the circumstances, including the use his neighbor makes of his land and the damages to each from an unrestricted user by the other; the test is not whether the injury to the plaintiff's property is due to the defendant's negligence in view of what he knows or reasonably ought to know of the situation.

BILL IN EQUITY, by owners of premises in Portsmouth used for residential purposes and adjoining the defendant's premises, for an injunction against his building a public garage on his land and from

conducting an automobile service and repair business therein. He intends to do the acts complained of, without obtaining a license for that purpose from the city council of Portsmouth in accordance with an ordinance, which provides that no person shall erect "any steam mill. . . . nor establish any automobile garage, until he has presented to the city council a petition therefor, setting out the proposed situation of said building and the materials of which the same is to be built, the dimensions, height and number of stories of the proposed building . . . the height of the chimney, and the various branches of business to be carried on, or proposed to be carried on in said building, and having first obtained a license therefor." The court ruled that this ordinance is invalid and not binding on the defendant, that the question involved is only one of reasonable use and that the test is what an ordinary man would do, which is to be determined in the light of what he knows or reasonably ought to know about the situation rather than in the light of all the facts, whatever they may be. The plaintiffs excepted to these rulings. The bill was dismissed as to Page because his damage would be comparatively slight, and as to the other plaintiffs because the defendant's proposed use of his premises for a public garage would not be unreasonable. Transferred from the October term, 1917, of the superior court by *Allen*, J.

*Calvin Page* and *Samuel W. Emery* (*Mr. Page* orally), for the plaintiffs.

*Scammon & Gardner*, for the defendant.

WALKER, J. One question presented by the plaintiffs' exceptions to the special rulings and to the decree dismissing the bill, is whether the city ordinance, which in substance prohibits the erection of any building in the city of Portsmouth, intended to be used as a garage for automobiles, until the owner of the premises has obtained a license therefor from the city council upon petition for the same, is admissible for any purpose in this proceeding. The court ruled that the ordinance was invalid and not binding upon the defendant and declined to receive it in evidence. If it was a valid ordinance, it was legitimate evidence that the threatened act of the defendant in violation of its provisions was unreasonable. It had some probative force upon the principal issue in the case, which was the reasonableness of the defendant's proposed use of his land in view of the plaintiffs'

right to a similar reasonable use of their land. In *Lane* v. *Concord*, 70 N. H. 485 it was held that in an action for damages against a municipal corporation for creating a nuisance by dumping refuse material upon a vacant lot adjoining the plaintiff's premises, a city ordinance prohibiting the acts complained of is competent evidence upon the question of reasonable use, but not conclusive. In actions for negligence, statutes or ordinances in the nature of police regulations are regarded as admissible to show the unreasonable character of the defendant's acts. *Bresnehan* v. *Gove*, 71 N. H. 236, 239; *Nadeau* v. *Sawyer*, 73 N. H. 70; *Clough* v. *Company*, 75 N. H. 84; *Lyons* v. *Child*, 61 N. H. 72. For a similar purpose the ordinance in question, if valid, was admissible.

The only ground suggested by the defendant in support of the claim that the ordinance is void, is that the recent decision in *Village Precinct of Hanover* v. *Atkins*, 78 N. H. 308 is a conclusive authority in his favor. In that case the by-law and the order issued thereunder was an attempted exercise by fire commissioners of delegated police power with reference to the location and use of a building as a blacksmith's shop, in an arbitrary manner and subject to no general rule or regulation. It was in excess of the legislative authorization and a substantial denial of that equality of the use and enjoyment of property which all citizens constitutionally possess. No such objection is apparent or has been pointed out in the ordinance which the defendant refused to comply with. It requires the petitioner to furnish certain information in regard to the general character of the proposed building, in view of which the city council in the exercise of a reasonable discretion may issue a license. It is authorized to regulate, not to arbitrarily prohibit, the erection of buildings. Moreover the city council has not been asked to license the defendant to erect and use his building as a garage. Under the ordinance it might have granted a license under reasonable conditions. As it was not authorized to prohibit the erection of such a building arbitrarily (P. S., c. 50, s. 10), and as it has not attempted to do so under an erroneous assumption of legislative power, the validity of the ordinance for the purpose of authorizing reasonable regulation in a particular instance cannot be doubted. There was error in the ruling of the court upon this subject.

As a new trial seems to be necessary, it may be useful to consider the exception to the ruling upon the question of reasonable use of the defendant's land. The doctrine of reasonable use adopted in this state in a broad, liberal and equitable sense is in many cases the test

of the respective rights of adjoining landowners. A reasonable use of one's property in land is determined as a fact by a consideration of. the nature of the use his neighbor makes of his land and the damages each would suffer from an unrestricted user by the other. What an ordinary man would do under the circumstances of a particular case is perhaps a sufficiently accurate statement of the principle for practical purposes. *Hamlin* v. *Blankenberg*, 73 N. H. 258; *Ladd* v. *Company*, 68 N. H. 185, 186; *Franklin* v. *Durgee*, 71 N. H. 186; *Horan* v. *Byrnes*, 72 N. H. 93. Whether the defendant's maintenance of the proposed garage upon his premises would be unreasonable in the sense above indicated, in view of the resulting injury to the plaintiff's property, was the issue between the parties.

Upon that issue the court ruled that what an ordinary man would do is to be determined in the light of what he knows or reasonably ought to know about the situation, rather than in the light of all the facts, whatever they might be. From this language it is to be inferred that the court did not consider all the facts tending to show the unreasonableness of maintaining a garage on the defendant's premises, but only such facts as the defendant knew or ought to have known. It would seem that the law of negligence was applied and that the defendant's liability was determined as it would be in an action for the negligent use of property. But the plaintiff's right to the enjoyment of his property does not depend upon the determination of the question whether the defendant would use ordinary care in the use of his property to avoid injuring the plaintiff. As stated in *Elliott* v. *Mason*, 76 N. H. 229, 232, "When a person manages his real estate in such a way as to unreasonably interfere with the correlative right of his neighbor to a reasonable enjoyment of his land, it is no justification for the nuisance for the former to prove that he was guilty of no negligence, or that he exercised due care in what he did. The question is: Has he invaded the proprietary right of his neighbor?" See also *O'Brien* v. *Derry*, 73 N. H. 198, 205; *Lane* v. *Concord*, 70 N. H. 485; Wood Nuis. *s.* 841. The question therefore in this case is: Whether the defendant's proposed garage will deprive the plaintiffs of the reasonable enjoyment of their property to a substantial extent, considering all the circumstances of the situation; not whether the resulting injury is due to his negligence or his want of care in view of his knowledge of the situation. There was error in this ruling of the court.

As the case is understood, the court dismissed the bill so far as the plaintiff Page is concerned upon the special ground that he would

suffer little damage from the defendant's proposed use of his land, and that for that reason an injunction would be inequitable. The exception to this finding presents no question of law and must be overruled.

*Exceptions by Page overruled: exceptions by the other plaintiffs sustained.*

All concurred.