Hillsborough, }
June 7, 1921. }

### DANIEL D. GRIMES & a. v. THOMAS J. DURNIN & a.

Unreasonable interference with the plaintiff's business by his striking employees may be enjoined.

Where upon the transfer of an exception to an order granting an injunction, the injunction itself is not transferred, the only question is whether any injunction should be issued, and the question whether the injunction as issued should be modified will not be considered.

PETITION, for an injunction to restrain the defendants from patrolling and picketing in front of plaintiffs' restaurants in Manchester, and otherwise committing unlawful acts near said restaurants.

On motion of the plaintiffs a temporary injunction was issued against the defendants.

On the defendants' motion to dissolve the temporary injunction the merits of the case were fully heard by agreement, and the motion was denied.

Subsequently the plaintiffs moved that the injunction be made permanent. This motion was granted, and the defendants excepted. Transferred from the January term, 1920, of the superior court by *Kivel*, C. J. The facts are stated in the opinion.

*Taggart, Tuttle, Wyman & Starr (Mr. Wyman* orally), for the plaintiffs.

*Doyle & Doyle* and *Robert W. Upton (Mr. Upton* orally), for the defendants.

PLUMMER, J. The plaintiffs were proprietors of two restaurants in Manchester of the cafeteria type, and were conducting a successful business. The defendant Durnin was the international representative of the Hotel and Restaurant Employees' Union, and the other defendants were the Hotel and Restaurant Employees' Local No. 407 and members thereof. Durnin and the president of Local No. 407 requested the plaintiffs to sign an agreement containing a working schedule for all their employees and a rate for wages, and also providing that: "All non-union employees must become members of this local within fourteen (14) days after employed." The plaintiffs refused to sign the agreement. Whereupon a strike was declared, and picketing was inaugurated in front of the plaintiffs' restaurants. The picketers called out in a loud voice "Strike on at Grimes' Lunch; unfair to organized labor; this restaurant on strike." These announcements were constantly repeated in front of the restaurants for several days until a temporary injunction was served upon the defendants. The picketing reduced the patronage of one of the restaurants more than one half, and the other to about one third.

The court found that while it was claimed at the hearing by the defendants that their sole purpose was to benefit the conditions as to hours and wages of the plaintiffs' employees, yet from their attitude they were endeavoring to prevent not only members of organized labor but others from patronizing the plaintiffs' restaurants; and their real intention was "to win the strike regardless of the effect upon the plaintiffs' business;" and if the injunction had not been served, they would have continued the strike until the plaintiffs signed the agreement. Upon these and other facts found, the court

made this finding: "That the defendants unreasonably interfered with the lawful business of the plaintiffs."

No exception was taken to this finding, and the evidence upon which it was based is not before the court. So no question is raised as to the sufficiency of the evidence to support the finding. Therefore, the facts as found must be accepted as conclusively and finally determined and established.

Upon these facts there can be no doubt that the court was authorized and justified in issuing an injunction that would restrain the defendants from unreasonably interfering with the lawful business of the plaintiffs. *White Mountain Freezer Co.* v. *Murphy,* 78 N. H. 398. The decisions in the following cases are the same in principle. *Ladd* v. *Company,* 68 N. H. 185; *Franklin* v. *Durgee,* 71 N. H. 186; *Page* v. *Brooks,* 79 N. H. 70.

The right of the court, in view of the findings of fact, to issue an injunction is conceded by the defendants. But they contend that the injunction was too broad and comprehensive in its terms, and that it restrained and inhibited them from maintaining and continuing the strike. And under their exception to the order making the injunction permanent they urge its modification. The injunction has not been transferred. Its terms and the extent of its inhibitions are not before this court. Consequently the issue of modification cannot be considered. The only question raised by the defendants' exception is whether any injunction should have been issued.

If the injunction could be construed as a prohibition of the strike, and the defendants desire a modification of it, they should present a request for it to the superior court, and if it were denied, their exception thereto would raise that question. *Chutter* v. *Richardson, ante,* 116.

*Exception overruled.*

All concurred.