**SIMPLEX WIRE & CABLE CO., INC.**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 2208; Norman E. Duplessie, Jr.; John Welch; Dale R. Mansfield.**

**Civ. No. 86–364–D.**

United States District Court,
D. New Hampshire.

Oct. 1, 1986.

---

Aeschliman & Tober by Stephen L. Tober, Portsmouth, N.H., for plaintiff.

Nathan S. Paven & Assoc. by Nathan S. Paven, James F. Norton, Quincy, Mass., Coolidge Professional Assoc. by Clyde Coolidge, Brian R. Barrington, Somersworth, N.H., for defendants.

## ORDER

DEVINE, Chief Judge.

Plaintiff Simplex Wire & Cable Co., Inc. ("Simplex"), a Massachusetts corporation with a principal place of business in Newington, New Hampshire, moves to remand the instant labor dispute to the state court. Simplex also moves for an award of attorney's fees. Understandably, the defendants, International Brotherhood of Electrical Workers, Local No. 2208 ("Union"), a/w certain of its officers, Norman E. Duples-sie, Jr., John Welch, and Dale R. Mansfield, object to the granting of such motions.

It appears that the collective bargaining agreement between Simplex and Union expired under date of July 31, 1986. Union, claiming failure of Simplex to bargain in good faith, filed a complaint with the National Labor Relations Board ("NLRB") on August 4, 1986, following such action by a strike at the Simplex premises in New Hampshire on August 5, 1986.

Simplex in turn sought equitable relief by medium of temporary restraining order or injunction in the Superior Court of Rockingham County, New Hampshire. Following hearing, the court (Thayer, J.) continued the matter by Order of August 6, and defendants then filed their petition for removal in this court on August 7, 1986.

The alleged basis of removal is that the state court action presents a federal jurisdiction question, 28 U.S.C. § 1441(b), in that provisions of the Norris-LaGuardia Act, 29 U.S.C. §§ 101–115, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 151–168, are involved.[1] Specifically, defendants suggest that their actions might be construed as violative of section 303 of LMRA, 29 U.S.C. § 187, which gives to aggrieved individuals a right to bring an action in district court for the violations of 29 U.S.C. § 158(b)(4). Title 29 U.S.C. § 158(b)(4) provides in pertinent part that it is an unlawful labor practice for a labor union or its agents

(i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an

---

1. 28 U.S.C. § 1441(b) provides in relevant part: Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, trea-ties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

industry affecting commerce, where in either case an object thereof is—

. . . .

(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title: *Provided,* That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing.

To establish this jurisdictional claim, the defendants must point to the face of plaintiff's complaint, for it is well established that the elements of the federal claim must appear on the face of the state court complaint without reference to other documents. *Hernandez-Agosto v. Romero-Barcelo,* 748 F.2d 1, 2 (1st Cir.1984); *Charles D. Bonano Linen Service, Inc. v. McCarthy,* 708 F.2d 1, 3–4 (1st Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983).

In this respect, the defendants rely on paragraphs 10, 11, and 13 of the plaintiff's state court petition for equitable relief, which paragraphs, respectively, state:

10. That Petitioner believed and avers that it is the avowed intention and actual conduct of Petitionees, their agents, associates, members, and/or representatives, to interfere with and otherwise hinder by virtue of said picketing, the movement of traffic, freight, product or other property to and/or from Petitioner's premises.

11. That on Tuesday morning, August 5, 1986, Petitionee Local through its members, allies, confederates, and others in the control of or in active concert with Petitionees, blocked motor vehicles attempting to enter and leave Petitioner's

plant, so that it took approximately forty minutes for certain working employees to leave the plant across the picket line, that such conduct is clearly intentional and institutional by design, and is aimed at causing harm and loss to Petitioner. As such, acts and conduct of Petitionees and others, as hereinabove described, are contrary to the common law of the State of New Hampshire. *See, e.g., Grimes v. Durnin,* 80 NH 145 [114 A. 273] (1921); *White Mt. Freezer Co. v. Murphy,* 78 N.H. 398 [101 A. 357] (1917). *See also,* [*U.S. v.*] *PATCO,* 678 F.2d 1 (DCNH [1st Cir.] 1982).

. . . .

13. That Petitionees' improper acts have caused, and are now causing, Petitioner's immediate and irreparable damage and injury for which it has no adequate remedy at law, and which Petitioner will continue to suffer in the future, unless Petitionees are restrained and enjoined from the commission of such improper acts.

Additionally, defendants contend that the catchall phrase (seeking "such other and further relief as may be just") must be read to equate with a claim of Simplex that it seeks damages in the equitable proceedings before the state court.

■ However, I find and rule that upon a fair reading of the state court complaint herein, it merely seeks relief against a primary strike or primary picketing on the primary site of the employer, Simplex. I am, accordingly, persuaded to follow the scholarly opinion of my distinguished colleague, Judge Pettine, in *Brown & Sharpe Manufacturing v. All Individual Members, Etc.,* 535 F.Supp. 167 (D.R.I.1982). I therefore find that there is in this case no federal jurisdiction in this court which would allow removal of this action, and I accordingly grant the motion to remand to the Superior Court of Rockingham County, New Hampshire.

■ Turning now to the issue of attorney's fees, I note that Judge Pettine in *Brown & Sharpe Manufacturing v. All*

*Individual Members, Etc., supra,* denied the petition for attorney's fees, 535 F.Supp. at 172, and I also follow his lead in that regard. His decision noted the division of authority with regard to removal of cases of the type here at issue, and I therefore find that the attempt at removal here does not equate with the intentional institution of an action known to be fictitious and wholly without merit which is done for the specific purpose of frustrating and harassing lawfully instituted legal procedures. *Peltier v. Peltier,* 548 F.2d 1083, 1084 (1st Cir.1977). The motion seeking attorney's fees must therefore be denied.

In concluding, I note that there is nothing in this Order which prevents defendants from advancing their claim of preemption before the state court. The result herein reached merely follows the mandate that

> Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Franchise Tax Board of California v. Construction Laborers Vacation Trust, et al,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

For the reasons hereinabove detailed, the motion to remand is granted, and the motion for attorney's fees is denied.

SO ORDERED.