Hillsborough, }
Nov. 6, 1923. }

EFFIE HANSCOMB, *Adm'x,* v. WALTER M. GOODALE.

In an action to recover for an injury caused by the breach of a duty imposed by statute or by common law, it is a defence to show that the injury would not have occurred if the plaintiff had not violated a statutory duty imposed on him for the defendant's benefit.

CASE, for causing the death of the plaintiff's intestate. Trial by jury and verdict for the plaintiff. Transferred by *Branch,* J., on the defendant's exception (1) to the denial of his motion for a directed verdict, (2) to the court's refusal to charge that if the intestate "was riding his bicycle at this time in a compact part of the city on a public street at a rate of speed of over ten miles per hour he was guilty of an illegal act, and if this contributed to his injury, he cannot recover"; and (3) to the charge that "you have heard the evidence of the witnesses as to the speed at which the boy was traveling, and it is for you to say whether that speed was in excess of ten miles per hour, but, as I said, in regard to the regulation of automobiles, it would not necessarily follow that because he was exceeding a speed of ten miles an hour, he was at fault, if you find that in so doing he was exercising such care as a boy of his age would exercise under the same circumstances. That is the primary question for you to decide in regard to the conduct of the Hanscomb boy."

*Albert Terrien* and *Doyle & Doyle (Mr. Terrien* orally), for the plaintiff.

*Lucier & Lucier (Mr. Alvin J. Lucier* orally), for the defendant.

YOUNG, J. It can be found that the accident would not have happened if the defendant had not violated some one or all of the statutory provisions regulating the use of automobiles, and while it may be found as a question of fact, it cannot be said as a matter

of law, either that the intestate violated Laws 1897, c. 93, s. 1, or if he did, that that contributed to cause his death. It will be necessary, therefore, to consider the defendant's exceptions to the charge.

The question raised by these exceptions is whether the violation of a statute may be an actionable wrong or is merely evidence from which such a wrong may be found. Whatever a violation of a statute may or may not be, it is not merely evidence from which an actionable wrong may be found, neither does it in and of itself constitute an actionable wrong, for while the state may be entitled to a verdict if it shows that the defendant violated a statute, that is not true in a civil action in that the plaintiff must show not only that the defendant has done an act forbidden by statute, but also that the plaintiff has been injured or damaged by it. In that case, and in that case only, it is accurate to speak of an act forbidden by statute as an actionable wrong. *Taylor* v. *Thomas*, 77 N. H. 410, 415.

And that is also true of a negligent act. To entitle one to recover for such an act he must show not only that it was negligent, but also that he has been injured or damaged by it.

In fact there is no difference between an action to recover for an injury caused by the breach of a duty imposed by statute and one imposed by the common law. In either case it is a defence to show (1) that the accident would not have happened if the plaintiff had used ordinary care, or (2) if he had not violated a statute imposed on him for the defendant's benefit.

In other words, since the plaintiff can recover if she shows that she has been damaged by the defendant's failure to comply with a statute regulating the use of automobiles, provided no wrongful act of the intestate contributed to cause his death, it is obvious that it is an answer to this action to show there would have been no accident if the intestate had complied with Laws 1897, c. 93, s. 1, for if his failure to comply with that section contributed to cause his death he was guilty of a contributory wrong.

In short, if one is injured or damaged by another's illegal act it makes no difference in so far as his rights are concerned whether the rule which forbids the act is a statute or rule of the common law, *Osgood* v. *Maxwell*, 78 N. H. 35, for in either case the act is illegal and for that reason actionable.

If, therefore, the plaintiff shows that she has been damaged by the defendant's failure to comply with the statutes regulating the

use of automobiles she can recover unless the defendant satisfies the jury that the accident would not have happened but for the intestate's negligence or his failure to comply with Laws 1897, *c.* 93, *s.* 1. Since there is evidence tending to prove that the intestate was riding more than ten miles an hour when the accident happened and that he was also negligent, it was error to tell the jury that there was but one question for it to consider in respect to the intestate's conduct.

In other words, the court should not only have given the instructions it did as to the Hanscomb boy's negligence, but also those requested by the defendant.

*First exception overruled: second exception sustained: new trial.*

All concurred.