PEOPLE *v.* SCRAFANO.

1. MUNICIPAL CORPORATIONS—RESIDENCE DISTRICTS—PRIVATE GA-
RAGES.
   A private garage is an accessory building and is always per-
   mitted in residence districts.

2. SAME—ZONING ORDINANCE—PURPOSE—RESIDENCE DISTRICT—USE
OF GARAGE TO STORE COMMERCIAL VEHICLES.
   Use of private garage, located in residential district where city
   zoning ordinance permitted uses of accessory buildings to
   one-family residences when located on the same lot and not
   involving any business, profession, trade or occupation,
   for purpose of storing owner's commercial trucks therein and
   thereby preventing perishable fruit and vegetables from freez-
   ing, was contrary to intent and purpose of ordinance (Detroit
   Zoning Ordinance No. 171–D, § 5.1).

3. SAME—ZONING ORDINANCES—POLICE POWER.
   Zoning ordinances are a valid exercise of the police power when
   fairly within the well-recognized bounds of such power.

4. SAME—ZONING ORDINANCES—TEST OF LEGALITY.
   Zoning ordinances must be reasonable and their reasonableness
   is the test of their legality.

5. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—ORDINANCES.
   Every intendment is in favor of the constitutionality of the
   ordinance of a municipal corporation.

6. SAME—BURDEN OF SHOWING UNCONSTITUTIONALITY OF ORDINANCE.
   One attacking the constitutionality of a municipal ordinance
   has the burden of showing that it has no real or substantial
   relation to public health, morals, safety or general welfare.

7. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—CONSTITUTIONAL
LAW.
   Zoning ordinance designed to prevent the housing of commercial
   vehicles in residential districts as a means of promoting pub-

lic health, safety and general welfare is not an unreasonable restraint upon property rights (Detroit Zoning Ordinance No. 171–D, § 5.1).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 15, 1943. (Docket No. 94, Calendar No. 42,448.)  Decided December 29, 1943.

Tony Scrafano was convicted of violating a zoning ordinance of City of Detroit.  Affirmed.

*Lewis & Watkins* (*Frederick W. Seitz,* of counsel), for appellant.

*Paul E. Krause,* Corporation Counsel, *Nathaniel H. Goldstick* and *Arthur L. Barkey,* Assistants Corporation Counsel, for City of Detroit.

SHARPE, J.  Defendant, Tony Scrafano, was complained against in the recorder's court, traffic and ordinance division, of the city of Detroit, Michigan, and was charged with having violated section 5.1 of Ordinance No. 171–D (zoning ordinance) of the Compiled Ordinances of Detroit of 1936, as amended.

The pertinent provisions of section 5.1 of the ordinance read as follows:

"SECTION 5.   R–1 DISTRICTS
"The following regulations shall apply in all R–1 Districts:
"Sec. 5.1.  *Uses Permitted*
"No building or structure, or part thereof, shall be erected, altered, or used, or premises used, in whole or in part, for other than one or more of the following specified uses:
"1.   One family dwellings.   *   *   *
"9.   Uses accessory to any of the above when located on the same lot and not involving any business, profession, trade or occupation."

Defendant purchased a lot at the corner of Wilshire street and Dickerson avenue in Detroit and, after the effective date of the zoning ordinance, erected a brick veneer single residence for his home and a three-car brick and masonry garage approximately 35 feet square and 16 feet high, at the rear of his lot. Defendant is engaged in the wholesale fruit and produce business. He owns two commercial motor vehicles which he uses in connection with his business. He conducts his business by obtaining merchandise at the Detroit Union Produce Terminal which is on the opposite side of the city from his residence, and distributes his merchandise to individual grocers who are his customers. He does not transact any of his business at his home or at the garage in question.

It appears that on one or more days between November 18 and November 23, 1942, the defendant, who had been parking his trucks on the street or at a nearby gasoline station overnight, ran his two trucks into his garage in order to keep certain perishable fruit and vegetables from freezing.

On February 5, 1943, the defendant was found guilty of the charge of violating the above-mentioned ordinance. On February 18, 1943, the defendant petitioned the circuit court of Wayne county for a writ of certiorari to review the judgment of the recorder's court, traffic and ordinance division. The petition was heard and denied. On June 8, 1943, we granted defendant's application for leave to appeal.

Defendant urges that there is no such reasonable relation between the city's attempt to prevent anyone in a residential district from housing a commercial vehicle in his private garage and the legitimate public purpose sought to be accomplished by the zoning ordinance; that the action of the city of Detroit in this case is based upon an improper, un-

reasonable and invalid interpretation of section 5.1 of the ordinance; or, that if the ordinance is properly interpreted by the city of Detroit, then it is unconstitutional under the due-process clauses of both Federal and State Constitutions.

The city of Detroit contends that the use made of the garage by defendant is unlawful under the zoning ordinance in that it is not such a use as is incidental or customary, subordinate to, and devoted exclusively to defendant's main use of the premises as a dwelling; that it is a use that is not located on the same lot to which it is an accessory; and that it is a use that involves a business.

In interpreting the intent and purpose of the ordinance, we have in mind that the principal use made of defendant's premises is the maintenance and family use of his residence which residence is located in a residential district; that the use of his garage for housing of private passenger automobiles is a customary use "accessory" to his dwelling; and that the use of his commercial trucks is devoted to his wholesale fruit and produce business.

A private garage is an accessory building and is always permitted in residence districts. See *Howard* v. *Mahoney,* 188 Okla. 89 (106 Pac. [2d] 267). From our study of the ordinance, we are convinced that the use made of the premises by the defendant in the storing of his commercial trucks therein was contrary to the intent and purposes of the ordinance.

Zoning ordinances are valid exercise of the police power when they are fairly within the well-recognized bounds of such power. See *Austin* v. *Older,* 283 Mich. 667. Zoning ordinances must be reasonable and their reasonableness becomes the test of their legality.

In *Austin* v. *Older, supra,* 674, we said:

"It is elementary that every intendment is in favor of the constitutionality of an ordinance and plaintiff has the burden of showing that it has no real or substantial relation to public health, morals, safety or general welfare."

The ordinance in question was designed to prevent the housing of commercial vehicles in residential districts as a means of promoting public health, safety and general welfare and as such is not an unreasonable retraint upon property rights. The use made of the garage by defendant is contrary to the intent and purposes of the zoning ordinance and therefore invalid.

The judgment is affirmed.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.