CITY OF NEW ROCHELLE, Plaintiff, *v.* ELVERA DANDRY, Defendant.

City Court of New Rochelle, April 20, 1948.

*Aaron Simmons, Corporation Counsel (Murray C. Fuerst* of counsel), for plaintiff.

*Harry Davidson* for defendant.

RUBIN, J. Defendant is charged with using real property located in an R-4 District under the Building Zone Ordinance of the City of New Rochelle, for a purpose other than that permitted by said building zone ordinance in such a district, in that the defendant stored and parked commercial trucks and vehicles on the said premises on the dates designated in the information. Such storage is not disputed by the defendant. The defendant, however, claims the right to a dismissal of the proceedings on two grounds:

(a) That the premises enjoy a nonconforming use for such storage as against the building zone ordinance, and

(b) That because the vehicles were owned and used by the defendant owner's husband, who resides on the premises with her, in the conduct of his business, such storage constitutes no violation of the law on the theory of the County Court's reversal of this court's decision of September 26, 1945, in the matter of *People of City of New Rochelle* v. *Damore* (79 N. Y. S. 2d 124).

At the outset, this court finds as a fact that the defendant has failed to establish the existence of any nonconforming use. If there ever was such a use of the premises in existence prior to the enactment of the original zoning ordinance in 1921 by the City of New Rochelle, that use was not a continuous one and there was an abandonment of it long before the defendant acquired ownership of the premises in question.

Taking up the second defense, it is to be noted that the caption for article VI defining R-4 District uses the further designation (Residence) and that the article expressly provides that in an R-4 District no building or premises shall be used in whole or in part for any purpose except those expressly therein set forth and defined. All the permitted uses are those relating strictly to the use and enjoyment of dwelling premises. Even where tenement houses are built in such an R-4 District, the provision for garages as an accessory use for such tenement houses is clearly defined by section 7 of the same article as restricting garage use to a single pleasure car for each family.

The definition of a commercial garage appearing in subdivision (w) of article I of the zoning ordinance indicates clearly that commercial trucks of the type stored upon the defendant's premises by the defendant's husband with her permission and consent, in this case, ten-ton, ten-wheeler trucks, do not come within the category of vehicles the garaging of which is permitted by section 7 of article VI. Even that section may not be invoked by the defendant, for it makes provision for an accessory use in connection with tenement houses or dwellings for more than three families, and no such improvement exists on the defendant's premises.

The above definition of a commercial garage read in conjunction with the further provisions of the zoning ordinance making provision for the existence of commercial garages in a C District (Business) or in an M District (Industrial), and then only after permission granted by the Board of Appeals, indicates clearly that the whole scheme of the New Rochelle Building Zone Ordinance neither contemplates nor permits the storage

of vehicles of the type stored by the defendant on residential property in an R-4 District.

The circumstance that the vehicles in question happen to be owned by the defendant's husband and used by him in his own business in no wise enlarges upon the legislative language defining permitted uses employed by the City Council in the zoning ordinance.

The intention of the council in adopting the ordinance is manifested by the distinction drawn under article I between a private garage and a commercial garage. To permit the storage of commercial cars in garages in residence areas would defeat the whole spirit and purpose of the ordinance which is designed to protect residence areas and prohibit the invasion thereof by all semblance of business or commercial enterprise. One may not go beyond the uses expressly provided for in an R-4 District by the city's legislature without destroying the whole legislative scheme.

Therefore, taking the ordinance as a whole and having in mind the spirit and purpose of the ordinance, this court holds that it was never the intention of the council to permit the storage of business automobiles or trucks or rolling equipment on any portion of premises located in an R-4 Residence District.

The decision of the County Court in the *Damore* case (*supra*) is not authority to the contrary, for that decision depended upon its particular facts relating to permitted uses in an R-1 District.

The storage of such commercial vehicles on these premises by the defendant in an R-4 District is, therefore, a violation of the building zone ordinance, and the court, accordingly, finds the defendant guilty as charged.

The matter is adjourned for sentence to April 27, 1948, at which time the court is to be informed what arrangements have been made to abate the illegal use.