Strafford,
No. 4594.

PHILIP DUMAIS *v.* SOMERSWORTH.

Argued September 4, 1957.

Decided September 30, 1957.

*Burns, Calderwood, Bryant & Hinchey* (*Mr. Hinchey* orally), for the plaintiff.

*Leo H. Cater,* city solicitor (by brief and orally), for the city of Somersworth.

DUNCAN, J. On August 2, 1956, the building inspector for the city of Somersworth issued to the plaintiff a building permit authorizing him to construct on land adjoining his residence on

James Avenue, in a residential district, a three-stall garage 36 x 30 feet in dimension to be used for the storage of "trucks and/or private cars." The plaintiff immediately commenced construction which was virtually completed by August 28, 1956, when an appeal to the zoning board of adjustment from allowance of the permit was taken by Eugene Barry, the owner of a residence on James Avenue approximately opposite the plaintiff's garage. Following a hearing before the board of adjustment at which the plaintiff was represented by counsel, the plaintiff's permit was revoked. Pending the appeal he was authorized by decree of the Court, to install doors and to paint the structure in the interest of preserving it.

The Somersworth zoning ordinance, adopted in 1953 establishes three districts, designated as "Residential," "Business" and "Agricultural." Article III provides: "The Residential District shall enjoy and be subject to the following provisions and restrictions": This is followed by an enumeration of one-family dwellings; "tourists homes"; use of residences for professional offices; and "churches, schools, sanitariums" and "clubs" with certain exceptions. Subsequent provisions of the article contain specific building restrictions not in issue in this case.

The ordinance, which is loosely drawn, contains no provisions or restrictions with respect to garages, or accessory uses in any district. *Cf. Sullivan* v. *Investment Trust Co.*, 89 N. H. 112. While the ordinance must be interpreted to require that uses established in a residential district shall be primarily residential except as otherwise provided, it discloses no purpose to prohibit the construction and use of private garages and the evidence indicates that such garages are customarily to be found in the district involved in the appeal.

The master ruled that the board committed no error of law because the ordinance "cannot be interpreted as permitting the construction of a three-car, 36'x 30' garage unattached to a dwelling to be used 'for the storage of trucks and/or private cars.'" So far as this ruling relates to the use proposed to be made of the structure for the storage of trucks we consider it to be correct.

The right to construct a garage for uses incidental and accessory to residential uses is not to be considered forbidden even though not expressly permitted by the ordinance. *Pratt* v. *Building Inspector of Gloucester*, 330 Mass. 344, 346; *Needham* v. *Winslow Nurseries, Inc.*, 330 Mass. 95, 103. "Incidental uses have always been authorized where they are customary and do no violence to the

plain intent of the statute or ordinance." 1 Yokley: Zoning Law and Practice (2nd ed.) 104.

It is equally plain however that the ordinance was intended to prevent uses of a business or commercial nature within the residential district, except as expressly permitted by the ordinance, or incidental to uses so permitted. See *Foo* v. *Manchester*, 97 N. H. 346, 350. On the record before us, neither the board nor the master erred in ruling that storage of the plaintiff's two oil trucks in a garage on his residential premises was a violation of the ordinance. *People* v. *Scrafano*, 307 Mich. 655; *Lowry* v. *City of Mankato*, 231 Minn. 108; *Dolan* v. *DeCapua*, 16 N. J. 599. See *City of Warwick* v. *Campbell*, 82 R. I. 300; anno. 150 A. L. R. 494.

However by ordering revocation of the permit issued to the plaintiff, the board denied his right to build and use the garage for the storage of "private cars." This we believe was error. Such a use made as an incident of a permitted residential use is neither expressly nor impliedly forbidden by the ordinance. If the plaintiff chooses to make this use, he should neither be forbidden to do so, nor required to raze a structure erected in reliance upon a permit in part lawfully granted.

Although the issue is not clearly raised by his exception, the plaintiff has argued that the master was in error in ruling that the appeal of Barry to the zoning board was not barred by a rule previously adopted by the board. Presumably pursuant to RSA 31:68, 69 (see *Sundeen* v. *Rogers*, 83 N. H. 253, 261-2), the board at some time adopted rules for the "conduct of public hearings" before it. Rule 2 in its original form stated that "party or parties appealing . . . shall present his case to the Board . . . either in person or by agent or attorney as he may elect." This rule was amended in 1955 by adding: "within the period of ten (10) days, the party or parties appealing shall file his petition to appeal with the Clerk of the Board."

Barry filed no written appeal within ten days of the date when the permit was granted. The board found however that he had protested to the "building inspector" as soon as it became apparent that construction was about to start and that he had not been informed of the date of the permit or of his right to appeal. The building inspector was clerk of the zoning board, and the evidence warranted a finding that Barry made his complaint within ten days of issuance of the permit.

The master considered that the board's amended rule could not

bind a party in the absence of notice of the granting of a permit so as to deprive him of his statutory appeal, and confirmed the implied finding by the board that "the Barry appeal was received within a reasonable time." See RSA 31:69, *supra*. The denial of the motion to dismiss the appeal is sustained.

In further support of his general exception to the decree, the plaintiff argues that revocation of the permit after the plaintiff has expended more than three thousand dollars in reliance upon it would work unnecessary hardship upon him, and that revocation in such a case is permissible only in instances of fraud, of which there is no evidence in this case. See *Winn* v. *Corporation*, 100 N. H. 280. While it is true that vested rights may be acquired by the expenditure of substantial sums in reliance upon a permit properly issued before amendment of an ordinance, this rule does not extend to cases where the issuing official exceeded his authority by issuing a permit in violation of an ordinance then in effect. *Lowry* v. *Mankato*, 231 Minn. 108, *supra*; anno. 119 A. L. R. 1509, 1512. In the case before us, so far as the permit issued to the plaintiff purported to authorize construction and use of a garage "for the storage of trucks," it had no warrant in the ordinance. It could confer no greater rights upon the plaintiff than did the ordinance itself. *Lowry* v. *Mankato, supra*, 117.

Since the decree of the Superior Court sustained the order of the zoning board of adjustment revoking the plaintiff's permit *in toto*, it must be set aside. A decree should be entered vacating the order of the zoning board in part (RSA 31:83), to the extent that it revoked the permit to construct and use the building for the storage of private automobiles, but confirming it insofar as the permit purported to authorize use for the storage of trucks.

*Decree vacated; remanded.*

WHEELER, J., took no part in the consideration or decision of this case; the others concurred.