Merrimack,
No. 4681.

### LEO PERRON *v.* CONCORD.

Argued March 3, 1959.

Decided April 7, 1959.

*Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the plaintiff.

*Daniel E. Donovan, Jr.,* city solicitor (by brief and orally), for the defendant.

DUNCAN, J. The statute provides that upon appeal all questions

of fact determined by the board of adjustment shall be deemed to be prima facie lawful and reasonable, but permits the board's decision to be set aside or vacated for errors of law, or when the court is "persuaded by the balance of probabilities, on the evidence before it, that said . . . decision is unjust or unreasonable." RSA 31:78. *Gelinas* v. *Portsmouth*, 97 N. H. 248. The ordinance under which these proceedings were brought provides that no premises shall be "altered . . . in use" until the enforcing officer shall have issued a "certificate of occupancy," specifying the use to which the premises may be put. Concord Zoning Ordinance, s. 13(b).

The plaintiff's residence is situated in a general residence district where permitted uses include use as a dwelling, and use for a "customary home occupation, such as millinery, hairdressing, manicuring, laundering, preserving and home cooking or the office of a doctor, dentist, musician, teacher, architect, artist, or member of some other recognized profession." *S.* 3 (4). The ordinance further permits accessory uses "customarily incident to any" permitted use. *S.* 3 (5). "Accessory use" expressly includes the storage of two automobiles; storage of a truck; and display of a sign not exceeding one square foot in area on a lot occupied by a dwelling and "pertaining to the use thereof or bearing the name or occupation of an occupant." *S.* 2 (7), (e), (f), (h).

The parties agreed and the Trial Court ruled that the ordinance permits the plaintiff to store an automobile and truck on his premises and to display a sign one square foot in area, bearing his name and occupation.

The city contests the plaintiff's right to make the remaining proposed uses, either as an accessory use or as a "customary home occupation." The stipulation as to the issues however states that the city "does not object to [the proposed office use] so long as the plaintiff does not hold out to the public . . . that [his residence] is his place of business."

The occupations expressly named by the ordinance as "customary home occupations" are those which may readily be carried on within the confines of a home. It seems plain that the plaintiff's occupation of roofer, or roofing contractor, is not such an occupation within the meaning of the ordinance. As one of the witnesses before the board cogently observed: "You don't take somebody's roof home and put it in your yard." During working hours the plaintiff's work is necessarily conducted upon the premises of others. It was properly held not to be a "customary home occupation."

See *Village of Riverside* v. *Kuhne*, 335 Ill. App. 547, 560, 561. The "administrative side" of his occupation which is capable of being conducted in his home is but a subsidiary part of his occupation, however important, and of itself does not constitute his "occupation" in the sense in which the word is here used.

Nor does the plaintiff come within the class of persons expressly permitted by the ordinance to maintain an office in his home. His occupation is not a "recognized profession" within the ordinary meaning of the term. See *Jones* v. *Robertson*, 79 Cal. App. (2d) 813, and cases cited.

However the ordinance expressly permits an "accessory use customarily incident to" a residential use. *S.* 3 (5). Hence the Trial Court correctly ruled that although it does not permit the plaintiff to "carry on the business of being a roofing contractor in a general residence district," it does permit him to maintain a sign showing his occupation, and does not forbid him to "store individual tools of his trade, see customers, do billing, bookkeeping, or any other paper work in his home that he so desires, or to use his personal telephone for business purposes." Similar activities were shown by the evidence to be customarily incident to the use of other residential premises in the city by persons engaged in the same or similar trades. *Cf. Sullivan* v. *Investment Trust Co.*, 89 N. H. 112, 116. If in fact some of these were "non-conforming" uses because made before adoption of the ordinance they nevertheless served to prove the local custom. See *Jantausch* v. *Borough of Verona*, 41 N. J. Super. 89, 102; *aff'd* 24 N. J. 326.

The uses which the ruling of the Trial Court indicated were not forbidden to the plaintiff are permissible in his case only if "accessory" to his residential use, and "customarily incident" thereto. An accessory use has been defined as one which is dependent on or pertaining to the permitted principal use. Rhyne: Municipal Law, 836, *s.* 32-7. Hence to be permissible as such a use, an accessory use must be occasioned by the main use, and an incident of it, rather than a principal use of itself.

"Indeed, the exclusion of substantially all business and industry from residential districts is perhaps one of the most important features of city zoning in its broad aspect." 8 McQuillin: Municipal Corporations (3d *ed.* rev.) *s.* 25.129. If business is to be admitted to such a district, there must be a clear showing that the ordinance so provides. An aggregation of incidental uses of a business nature by virtue of which a residential property also

becomes a business headquarters is not permitted by this ordinance because the business uses thereby lose their status as accessory. *Needham* v. *Winslow Nurseries, Inc.*, 330 Mass. 95, 102; see *Jantausch* v. *Borough of Verona*, 24 N. J. 326, *supra*, 334. Being no longer occasioned by or dependent upon the residential use and purely incidental to it, they become an end in themselves. Consequently uses which are not "customarily incident" to residential use, or which attain the proportions of a principal use, are not permissible as "accessory." *State* v. *Holekamp* (St. Louis C. A., Mo.) 151 S. W. 2d 685; *City of Knoxville* v. *Brown*, 195 Tenn. 501; *Pratt* v. *Bldg. Insp. of Gloucester*, 330 Mass. 344. Subordination in fact may be considered to be the essential test of what is incidental. *Jantausch* v. *Borough of Verona*, 41 N. J. Super. 89, *supra*, 98, *aff'd* 24 N. J. 326.

Taken singly, the various uses proposed by the plaintiff under the description of "office use" appear innocuous, and subordinate to his residential use. In combination however, and in the light of the evidence tending to show that his residence was in reality used and held out to the public as his business headquarters, these "office" uses could reasonably be found to extend beyond subordination to residential use. In volume and significance they might reasonably be considered at least equal to the permitted residential use to which they may lawfully be only "accessory." The findings of the board of adjustment that the proposed "office" uses are not an accessory use permitted by the ordinance must therefore be sustained. RSA 31:78, *supra*.

"It goes without saying, of course, that any one may keep his account books in his home, his truck in his garage, may talk to anyone in or from his home upon any subject, but such a use is in no sense comparable to the continuous carrying on of a recognized business on property involving repeated contracts with customers or accompanied by advertising . . . inviting the public to come to the office to transact business." *Village of Riverside* v. *Kuhne*, 335 Ill. App. 547, *supra*, 561-562. See also, *People* v. *Daly*, 28 N. Y. S. 2d (Court of Spec. Sess.) 603, 605.

The ordinance does not provide that permissiveness of the use, shall depend upon whether the occupant does or does not maintain a "regular place of business" elsewhere. The ruling by the court below that the plaintiff's rights depend upon maintenance of a "regular place of business" at some place other than his home was erroneous, since the ordinance neither contains nor implies such a

requirement. His rights depend upon the nature and degree of the use made upon the residential property. While the use made may be affected by the fact that the occupant does or does not maintain a place of business elsewhere, the right to make it is not made to depend solely upon that question.

It is not disputed that the plaintiff is entitled to a permit for an accessory use consisting of the storage of an automobile and a truck on his premises, and the maintenance of a sign not over one square foot in area. In other respects, the order of the board should be confirmed.

Thereupon, the appeal to the Superior Court should be dismissed.

*Remanded.*

WHEELER, J., did not sit; the others concurred.

ON MOTION FOR REHEARING. After the foregoing opinion was filed the plaintiff moved for a rehearing with respect to the "rulings set forth in the last two paragraphs of the opinion."

*Richard F. Upton* for the motion.

DUNCAN, J. The plaintiff urges that the opinion should be modified to provide for further hearing in the Superior Court to determine "what things the plaintiff can do and what he cannot do, within the subordinate limits of 'accessory use.'" The authority of the Superior Court with respect to zoning appeals is fixed by the statute and limited to a judgment which either dismisses an appeal or vacates the order of the board in whole or in part with remand to the board in the Court's discretion. RSA 31:83. Thus the authority of the Trial Court does not extend to modification of the order of the board. Before the zoning board the plaintiff sought a ruling "as to what parts of the application are considered proper and what parts are considered improper." While the board is authorized on appeal to "make such order, or decision, as ought to be made" (RSA 31:72 IV) its duty did not extend to the rendition of an advisory opinion and was satisfied by its finding that the requested use was not an accessory use within the ordinance.

If the plaintiff should determine to seek a permit for an accessory use or uses which would differ sufficiently in nature and

degree from the uses sought in these proceedings, so as to be truly subordinate and incidental to residential use, his application for such a permit would be entitled to consideration. *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275. See *Thompson* v. *Smith,* 119 Vt. 488, 508; anno. 168 A. L. R. 13, 127.

*Motion denied.*