Merrimack,
No. 6305.

## Amanda L. and Mary Louise Hancock

*v.*

## City of Concord.

December 30, 1971.

*Orr & Reno* and *Ronald L. Snow* ( *Mr. Snow* orally ) for the plaintiffs.

*Leonard J. Merski*, City Solicitor ( by brief and orally ), for the defendant.

Grimes, J. The sole question in this case is whether the zoning board of adjustment could rule as a matter of law the operation of a real estate business in a general residence district is a "customary home occupation" within the meaning of the Concord ordinance which permits as an accessory use "customary home occupation such as hairdressing, laundering, preserving and home cooking . . . ." District regulations II, 45. The ordinance defines a "home occupation" as "[a]n occupation conducted in a dwelling." S. 28.48. Plaintiffs, neighbors of one Mackinaw, appealed from the decision of the board granting him a permit to operate a real estate office in his home located in a general residence district where such a business is prohibited unless it can be considered a "customary home occupation." The matter was submitted to the superior court on an agreed statement of facts and

exhibits and was transferred here by *Flynn*, J., without ruling.

We hold that the permit was improperly granted. The occupation of a real estate agent has been held to be a business and not a profession. *Hackett* v. *Gale*, 104 N.H. 90, 179 A.2d 451 ( 1962 ). It is an occupation which may not readily be carried on within the confines of the home as can all those enumerated in the ordinance. As was the case in *Perron* v. *Concord*, 102 N.H. 32, 150 A.2d 403 ( 1959 ), involving a roofing business, the real estate business involves work outside the home showing the properties of others which are for sale. As such, it is not an occupation " such as " those described in the ordinance. *S.* 45. We hold that the operation of a real estate business is not an accessory use which is customarily incident to the use of residential premises. Rather it is a business use which if intended to be permitted in a general residence district should be clearly provided for in the ordinance as was " hairdressing. " This ordinance does not so provide.

The city relies upon the " supplementary district regulations " of the ordinance pertaining to " home occupations " ( *s.* 28.21 ) and suggests that since these regulations would not be violated by the proposed use, the permit was properly granted. The supplementary regulations, however, do not provide an independent category of permitted uses, but rather consist of restrictions upon the customary home occupations permitted by the " table of district regulations, " in which they are included as a permitted accessory use. Thus where the proposed use is not a customary home occupation, compliance with the supplementary regulations will not serve to make it one.

Defendant contends that the fact that it found 14 real estate agencies being operated from residences or residence-type buildings shows that it is a customary home occupation. We must disagree. The fact that 14 such agencies are carried on from residence-type buildings does not make it a home occupation such as those described in the ordinance. It has been represented to us that only two of the 14 are operating under permits granted for customary home occupations and one of them has ceased operations at the residence location. The balance are either in a business zone or are operating without a permit. If the ordinance is not being enforced in certain instances this cannot alter the meaning of the ordinance. Because some real estate agencies are being operated with or without a permit from homes does not

make the real estate business a customary home occupation such as those enumerated in the ordinance.

We hold that the ruling of the board that the real estate business is a usual home occupation within the meaning of the ordinance was incorrect. *Perron* v. *Concord supra. See also* 2 Anderson, American Law of Zoning *s.* 10:09 ( 1968 ); 3 Yokley, Zoning Law and Practice *s.* 28-52, at 350 ( 3d ed. 1967 ).

*Appeal granted.*

All concurred.