Rockingham
No. 7014

MICHAEL GRATTON & *a.*

v.

JOSEPH PELLEGRINO & *a.*

November 28, 1975

*McLane, Graf, Greene, Raulerson & Middleton (Mr. Arthur G. Greene* orally) for the named plaintiff and the plaintiff Citizens Action Committee, Inc.

*Soule & Leslie (Mr. Lewis F. Soule* orally) for the named defendant and the town of Derry.

DUNCAN, J. This is an appeal pursuant to RSA 31:77 from a decision of the board of adjustment for the town of Derry, granting a special exception, to permit the defendant Pellegrino to construct a house and operate a retail variety store therein in a residential zone. The Superior Court (*Dunfey*, J.) found that the operation of the proposed retail variety store would not be an "accessory use" as that term is used in the pertinent section of the Derry zoning ordinance, and that the board of adjustment could not lawfully grant an exception to the zoning regulations. All questions of law presented by the exceptions of the defendant Pellegrino were reserved and transferred by *Dunfey*, J. The sole issue before this court is the propriety of the trial court's ruling.

Defendant Pellegrino purchased a vacant parcel of land in the town of Derry on September 20, 1970. At the time of purchase and continuing to the present time, the land has been zoned residential, with certain specified exceptions permitted in the discretion of the local board of adjustment. Defendant originally applied for a variance to operate a variety store and later for an exception to operate a business both of which had been denied by the board. Thereafter, defendant applied for an "exception" to construct a "Dutch Colonial house and to utilize part of it for a variety store business". This exception was ultimately granted. The plaintiff Michael Gratton, an abutting landowner, and the Citizens Action Committee then brought this appeal.

The Derry zoning ordinance as revised to March 1970, established four zones: retail business, industrial, mobile home, and general residence. The defendant's property is situated in the latter zone. The zone is described in article I, section 1.410 of the ordinance as "[a]ll the rest of the town not included in the above three zones", and this section provides that the zone "shall be limited to residential type construction and uses". It then provides: "However, accessory uses, including business, may be permitted by special exception of the Zoning Board of Adjustment provided such use is not objectionable by reason of noise, smoke or fumes, and shall not occupy more than 25% of the gross floor area of the principal dwelling, or 25% of the lot, if not within an existing building".

Article V, section 2 of the ordinance, under the head of "General Residence Zone" requires a hearing before the board of adjustment if the building inspector finds before issuing a building permit that the intended use may be detrimental to the neighborhood; and provides that the board shall grant or refuse a per-

mit on the basis of their findings, after determining the reaction of property owners.

It is apparent from the ordinance that the use proposed by the defendant would be a permitted use in the retail business zone without the necessity of a hearing before the zoning board. However action by the board is called for where, as in this case, the proposed business use is to be conducted in a general residence zone.

The ordinance clearly contemplates that the board of adjustment may grant an exception for "accessory uses, including business" if the proposed use otherwise complies with requirements not in issue here. Any use which will permit of exception must first be an accessory use. A business use will qualify only insofar as it falls within the category described by the term "accessory use". Any other interpretation would place upon the ordinance a construction it will not bear. *Naum v. Naum*, 101 N.H. 367, 369, 143 A.2d 424, 426 (1958); *Trustees of Phillips-Exeter Academy v. Exeter*, 92 N.H. 473, 478, 33 A.2d 665, 669 (1943).

An "accessory use" has been defined as "one which is dependent on or pertaining to the permitted principal use", *i.e.*, a subordinate use of the property "occasioned by the main use, and an incident of it, rather than a principal use of itself". *Perron v. Concord*, 102 N.H. 32, 35, 150 A.2d 403, 406 (1959); *see Dumais v. Somersworth*, 101 N.H. 111, 134 A.2d 700 (1957); *Mola v. Reiley*, 100 N.J. Super. 343, 241 A.2d 861 (1968). Hence, the scope of permissible accessory uses is governed basically by the scope of the principal use authorized by the ordinance. Whether the proposed operation of a retail variety store would be sufficiently subordinate to the residential use of the defendant's property so as to qualify as an accessory use is a question of law upon which the court is not bound by the conclusions of the zoning board. RSA 31:78.

There was evidence that the defendant in this action purchased the land for the purpose of conducting a business on the premises, and only after his original intentions were frustrated built a house and sought to use a portion of the cellar for business purposes. The testimony indicated that the proposed store hours would extend into weekends and evenings, and that a parking area for at least twelve vehicles would be provided. It further appeared that the defendant resided in Massachusetts and did not intend to reside at the premises in question at any specific time; that his son and daughter-in-law were renting the living quarters in the build-

ing; and that both the defendant and the son were regularly employed in Massachusetts.

In the circumstances disclosed by the evidence, the trial court properly found and ruled that the proposed use "is not an 'accessory use' of the defendant Pellegrino's residential property"; and since the evidence did not satisfy the requirements of the ordinance, properly vacated the decision of the board of adjustment. RSA 31:78; *Mills v. Manchester,* 109 N.H. 293, 295, 249 A.2d 679, 681 (1969).

In upholding the action of the trial court, however, we do not hold that a business use such as proposed by the defendant may never be permitted under the Derry ordinance. Obviously, the ordinance is intended to permit limited business uses in a residential zone which are conducted in such a manner as to be subordinate to the primary residential use. If the defendant at some future time should establish residence in the building, and propose to carry on a variety store business in conjunction with his residence there, which will otherwise conform to. the requirements of the ordinance he may renew his application. On the record before us, the operation as now proposed would not be an accessory use within the meaning of the ordinance.

*Defendant's exceptions overruled.*

All concurred.