Rockingham
No. 7559

GEORGE W. BECKER & a.

v.

TOWN OF HAMPTON FALLS

May 31, 1977

*Perkins, Holland, Donovan & Beckett* and *Thomas D. Welch, Jr.,* of Exeter (*Mr. Welch* orally), for the plaintiffs.

*Casassa, Mulherrin & Ryan,* of Hampton (*Mr. John J. Ryan* orally), for the defendant.

LAMPRON, J.   The issue in this zoning case is whether the Hampton Falls Board of Adjustment erred in permitting a property owner in a "residential and agricultural" zone to construct on his property a barn for the storage of "primary industrial equipment," namely, a road grader used by the property owner in a commercial enterprise. Resolution of the issue turns on whether the storage of the equipment qualifies as an "accessory use" under the town zoning ordinance. The Superior Court (*Loughlin,* J.), after a hearing with a view and a recommendation by a Master (*Alvin E. Taylor,* Esq.), decreed that an accessory use had not been established and that the board of adjustment's decision must

be reversed. The exceptions of the town have been reserved and transferred by *Mullavey, J.* We affirm the ruling of the superior court.

The plaintiffs in this action are property owners in proximity to the barn who find the equipment storage offensive. The evidence regarding construction of the barn is undisputed and shows that it was constructed by Mr. Paul Fitzgerald on a lot he and his wife had acquired adjacent to their residential lot. Mr. Fitzgerald operates his own road construction business and the barn was constructed expressly for the purpose of housing the heavy equipment he uses. The equipment is moved back and forth between barn and work site numerous times over the course of the year, and the considerable noise from these moving operations is disturbing to the plaintiffs. There was evidence that certain other inhabitants of the residential and agricultural zone maintain commercial vehicles on their property.

The town zoning ordinance permits "[a]ccessory uses and buildings customarily appurtenant to a principal permitted use such as incidental storage facilities." The ordinance defines "accessory use" as "[a] use customarily incidental and subordinate to the principal use or building located on the same lot with such principal use or building." An accessory building is defined as "[a] detached building on the same lot with the primary building, the use of which is clearly incidental to that of the primary building or use of the land."

■ The plaintiffs argue that the use of the barn for storage of the road grader is not "customarily appurtenant to" a primary residential use. Alternatively, plaintiffs argue that even if the use were deemed "customarily appurtenant," it would not qualify as an accessory use in view of the fact the storage facility is not "located on the same lot with such principal use or building." We have no need to consider this latter argument, since we agree with plaintiff's initial contention that the commercial storage here is not customarily appurtenant to the principal residential use.

■ Whether the disputed use is "sufficiently subordinate to the residential use of the defendant's property so as to qualify as an accessory use is a question of law upon which the court is not bound by the conclusions of the zoning board." *Gratton v. Pellegrino*, 115 N.H. 619, 621, 348 A.2d 349, 351 (1975) ; RSA 31:78.

■ "An 'accessory use' has been defined as 'one which is dependent on or pertaining to the permitted principal use,' *i.e.*, a subordinate use of the property 'occasioned by the main use, and an incident of it, rather than a principal use of itself.'" *Gratton v. Pellegrino,* 115 N.H. 619, 621, 348 A.2d 349, 351 (1975); *Perron v. Concord,* 102 N.H. 32, 35, 150 A.2d 403, 406 (1959). The definition of accessory use in the town ordinance ("customarily incidental and subordinant" [*sic*]) involves several distinct elements. "Incidental and subordinate" incorporates the requirements that the accessory use be minor in relation to the permitted use and that the accessory use bear a reasonable relationship to the primary use. *Lawrence v. Zoning Board of Appeals,* 158 Conn. 509, 512, 264 A.2d 552, 554 (1969); *Harvard v. Maxant,* 360 Mass. 432, 275 N.E.2d 347 (1971). "Customarily" imposes an additional requirement that the accessory use habitually has been established as reasonably associated with the primary use. *Id.; Lawrence v. Zoning Board of Appeals supra; see Gratton v. Pellegrino supra; Perron v. Concord supra; In re Diamond St. Telephone Co.,* 49 Del. 13, 108 A.2d 667 (1954).

■ We hold that the master properly ruled as a matter of law that the storage of heavy commercial construction equipment cannot be said to bear a reasonable relationship to a residential use and to constitute a use customarily incidental thereto. *Dumais v. Somersworth,* 101 N.H. 111, 134 A.2d 700 (1957). Storage of the equipment is in no way "accessory" to the residential use which the ordinance permits; rather it simply represents an effort by Mr. Fitzgerald to locate a portion of his commercial enterprise near his home.

In a factually similar case, we held that the storage in a three-stall garage of commercial oil trucks could not be deemed a use accessory to a residential dwelling. *Dumais v. Somersworth,* 101 N.H. 111, 114, 134 A.2d 700, 701 (1957). Similar results have been reached in other jurisdictions. *Colabufalo v. Public Buildings Comm'r,* 332 Mass. 748, 127 N.E.2d 564 (1955); *Warwick v. Campbell,* 82 R.I. 300, 107 A.2d 334 (1954); *Dolan v. DeCapua,* 13 N.J. Super. 500, 80 A.2d 655 (1951); *New Rochelle v. Dandry,* 79 N.Y.S.2d 126 (City Ct. 1948); *People v. Scrafano,* 307 Mich. 655, 12 N.W.2d 325 (1943). These cases may be said to reflect the fact that zoning ordinances generally seek "to avoid . . . the infiltration of residential areas with small businesses or their appurtenances."

*Muskegon Heights v. Wilson,* 363 Mich. 263, 267, 109 N.W.2d 768, 771 (1961).

The defendant places considerable reliance on the evidence that, in this town of about 800 registered voters, about eight other property owners used their premises for the storage of commercial vehicles. This evidence was of limited value on the issue of local custom, since there was no indication of the proportion of business men engaged in the practice. It failed to establish that the use complained of has commonly, habitually, and by long practice been established as reasonably associated with the primary residential use in the town. "If the ordinance is not being enforced in certain instances this cannot alter the meaning of the ordinance." *Hancock v. Concord,* 111 N.H. 413, 414, 285 A.2d 791, 792 (1971). We are of the view that the above evidence could not "bootstrap" to the status of an accessory use a use which has no reasonable relationship to a permitted use. *See Harvard v. Maxant,* 360 Mass. 432, 440, 275 N.E.2d 347, 352 (1971); *Lawrence v. Zoning Bd. of Appeals,* 158 Conn. 509, 513, 264 A.2d 552, 554–55 (1969).

There is no contention that the barn itself is offensive. Plaintiffs' objection goes to the storage of commercial vehicles. We affirm the ruling of the superior court that the town zoning ordinance prohibits the use of the barn or property for such storage. *See Dumais v. Somersworth,* 101 N.H. 111, 115, 134 A.2d 700, 702–03 (1957).

*Exceptions overruled.*

DOUGLAS, J., did not sit; the others concurred.