Rockingham
No. 81-260

DOROTHY H. DOBSON

v.

GEORGE STAPLES

February 18, 1983

*Sanders & McDermott P.A.*, of Hampton (*Wilfred L. Sanders, Jr.*, on the brief, and *Lawrence M. Edelman* orally), for the plaintiff.

*Tetler & Holmes*, of Hampton (*Gary W. Holmes* on the brief, and *Wynn E. Arnold* orally), for the defendant.

## MEMORANDUM OPINION

This appeal involves a boundary dispute between the parties, who own abutting properties in Seabrook. The plaintiff, claiming that the defendant encroached upon her property when he constructed a driveway, cut trees and removed topsoil, sought injunctive relief and compensatory damages.

After trial with a view, the Master (*Mayland H. Morse, Jr.*, Esq.) found that the defendant had encroached on the plaintiff's property.

Accordingly, the master recommended that the defendant be permanently enjoined from interfering with the plaintiff's use of the property and that the plaintiff be awarded $2,300 in compensatory damages. After the Superior Court (*Pappagianis, J.*) approved the master's recommendations, the defendant appealed.

The only issue on appeal is whether the master found and awarded the proper amount of damages to the plaintiff. Our review of the master's findings is limited to whether he erred as a matter of law or abused his discretion. *See Gauthier v. Robinson*, 122 N.H. 365, 369, 444 A.2d 564, 566 (1982). With respect to how he arrived at the total amount of damages to be awarded to the plaintiff, the master stated:

> "From the evidence presented, it may be found that the plaintiff sustained damage to her real property measured by the difference in its market value before and after the defendant's trespass and tree removal which essentially coincides with the value of the trees so removed."

Upon reviewing the record before us on this appeal, and having in mind the fact that the master took a view of the properties, we conclude that there was sufficient evidence before him to support his award of damages and that he did not err as a matter of law nor abuse his discretion in making the award.

*Affirmed.*