Salem District Court
No. 83-097

## TOWN OF SALEM

v.

## DEWEY DURRETT

May 4, 1984

*Steven G. Shadallah*, of Salem, by brief and orally, for the Town of Salem.

*Ransmeier & Spellman*, of Concord (*John C. Ransmeier* on the brief and orally), for the defendant.

*Grinnell & Bureau,* of Derry (*George H. Grinnell* on the brief and orally), for Aircraft Owners and Pilots Association and Aviation Association of New Hampshire, Inc., as amici curiae.

SOUTER, J.   By complaint filed in the Salem District Court under RSA 31:88 (Supp. 1983), officials of the Town of Salem charged that the defendant violated the zoning ordinance by using a portion of his property as a landing strip for his private airplane. Defendant moved to dismiss the complaint on the grounds that the use was not prohibited in the rural zone in which his land was located and was lawful as a use accessory to a use permitted. Following a combined hearing and trial, the court denied the motion to dismiss and found defendant guilty. By timely exception the defendant appeals each ruling. We affirm.

In an extensive opinion stating his findings and rulings, the Trial Judge (*Marshall,* J.) found the following facts, for which an evidentiary basis is not disputed. The defendant owns a parcel of ten acres in a rural zoning district. The land has frontage on Main Street, also known as Route 97, the principal east-west thoroughfare in Salem. The defendant lives in a house on the property. Nearby on both sides of the street are other houses, and there is a new development just to the east of his land. Though the defendant claimed that he "conducted numerous farming operations, including the raising of cattle," on the land, the trial court found that at the relevant time he had a backyard vegetable garden and two goats. The defendant is a commercial pilot, who has used the landing strip in commuting to work and flying to a farm he owns in West Virginia.

The two issues before us concern the scope of this appeal and the soundness of the trial court's rulings. The scope of the appeal is at issue because of the defendant's claim that the ordinance is unenforceable against him in this proceeding because of its failure to give him fair notice that use of a landing strip was a violation. The Town has objected that this issue was not raised below and may not properly be raised here. We agree.

In the district court, the defendant rested his motion to dismiss on two claims: that the ordinance did not specifically prohibit the use of his land as an airstrip, and that such use was permissible as a use accessory to uses specifically permitted. An assertion that the ordinance failed to give him fair notice that the use was prohibited is a different and constitutional claim, expressing the due process concept that the vagueness of a statute or ordinance may render it void or unenforceable in the circumstances. *State v. Albers,* 113 N.H. 132, 303 A.2d 197 (1973).

32

The defendant first raised the constitutional claim of lack of fair notice by a motion to set aside the verdict and to dismiss, filed in the district court more than two months after the verdict, and almost one month after we had accepted the case on appeal. Although the district court purported to act upon the motion, we do not address the constitutional issue, since the defendant did not raise it until after jurisdiction over the case had vested in this court. *See Rautenberg v. Munnis*, 107 N.H. 446, 447, 224 A.2d 232, 232–33 (1966).

The defendant raised the second issue on this appeal by his motion to dismiss. Since he violated no express prohibition, he claimed that his use of part of his land as an airstrip was lawful as an accessory use of the property and undertook the burden of supporting this position by evidence and legal argument. He urges us to hold that the trial court erred in finding that the use was not an accessory use and lawful as such.

The rule of accessory use is a response to the impossibility of providing expressly by zoning ordinance for every possible lawful use. Even though a given use of land is not explicitly allowed, it is nonetheless permissible if it may be said to be accessory to a use that is expressly permitted. Some zoning ordinances provide permission for such accessory uses, *e.g., Becker v. Hampton Falls*, 117 N.H. 437, 374 A.2d 653 (1977), though the common law provides for accessory uses when an ordinance is silent on the subject. *Dumais v. Somersworth*, 101 N.H. 111, 134 A.2d 700 (1957).

The characteristics necessary to qualify a given use of land as accessory may vary depending on the applicability of the common law rule or the provision of a specific ordinance. No matter what the context, an accessory use must be occasioned by the principal use but be subordinate to it. It may not be the principal use of the property. *Gratton v. Pellegrino*, 115 N.H. 619, 621, 348 A.2d 349, 351 (1975); *Perron v. Concord*, 102 N.H. 32, 35, 150 A.2d 403, 406 (1959).

In addition to the subordinate character, at common law an accessory use must also be customarily associated with the principal use. *Dumais v. Somersworth supra.* In a case construing the requirement of customary character as contained in an ordinance, we held that the use must be "habitually . . . established as reasonably associated with the primary use." *Becker v. Hampton Falls, supra* at 440, 374 A.2d at 655 (1977) (citing, *inter alia, Harvard v. Maxant*, 360 Mass. 432, 275 N.E.2d 347 (1971)); *cf., e.g., Gratton v. Pellegrino supra* (ordinance provided that limited business use could be accessory). Accordingly, a rare association of uses cannot qualify

as customary, though the uses need not be joined in a majority of instances of the principal use. *Harvard v. Maxant supra.*

■■ Although the Salem ordinance contains some specific references to accessory uses, there is no general provision permitting them, and this case must turn on the application of the common law rule of this jurisdiction. The application of that rule must begin with a determination of the principal permitted use to which the airstrip could be claimed as accessory. The land was located in a rural district, and the defendant claimed he used it for the permitted use of farming. The trial court reasonably found that a vegetable garden and two goats do not make a farm. Instead, it found that the defendant was "a successful businessman, property holder, landowner, entrepreneur and airline pilot" who used the property principally as his residence, a use also permitted in a rural zone. It was therefore necessary to determine whether use of a private airstrip was a subordinate and customary use associated with residential property.

■ The trial court did not make a specific finding on the subordinate character of the use, but the record would have supported a conclusion that it was subordinate to the principal use. This was not a case in which the land was used only or principally as a landing strip.

■ The court did find, however, that use of an airstrip was not customarily associated with residential use. We must therefore determine whether the trial court could reasonably have found as it did. *See Gratton v. Pellegrino supra.* We hold that it could have. Indeed, as we read the record, there was no contrary evidence before the district court.

Although the defendant called witnesses who testified that seaplanes had frequently landed at a pond located in a recreational zoning district in Salem, there was no indication that the pilots were owners of shorefront land, and no basis to determine whether the town had zoning jurisdiction over the pond itself. After this appeal had been filed, the defendant sought to present evidence that town counsel in another town did not wish to litigate the legality of a private landing strip on land zoned as rural, and that the voters of that town had subsequently declined to require an express exception for use of an airstrip. Even assuming that we should consider such evidence, it would indicate only one instance of comparable usage. One instance in another town does not rise to the level of custom.

The trial court's consideration of cases from other jurisdictions was consistent with its application of New Hampshire law. It

34 declined to follow *Schantz v. Rachlin*, 101 N.J. Super. 334, 244 A.2d 328 (1968), *aff'd*, 104 N.J. Super. 154, 249 A.2d 18 (1969), which held an airstrip with no nearby dwellings to be an accessory use on a farm of 135 acres. The case is distinguishable on the facts and on the law as well, for the New Jersey trial court applied no test of customary usage.

Conversely, the trial court found *Harvard v. Maxant*, 360 Mass. 432, 275 N.E.2d 347 (1971) persuasive. In that case the Massachusetts court applied the test of customary usage and found that the use of private aircraft had not become so prevalent as to be customarily incidental to the residential use of property. *Id.* at 440, 275 N.E.2d at 352. The trial court in the present case reached the same result on the record before it. As we have said, it is clear that a reasonable finder of fact could so conclude.

*Affirmed; remanded.*

All concurred.