Hillsborough
No. 83-226

ROBERT S. TREISMAN

v.

DEAN KAMEN

April 18, 1985

*Wiggin & Nourie,* of Manchester (*William S. Orcutt* and *Anthony C. Marts* on the brief, and *Mr. Orcutt* orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.,* of Manchester (*George R. Moore* on the brief, and *Bartram C. Branch* orally), for the defendant.

SOUTER, J. The plaintiff appeals from an order dismissing a suit to enjoin the use of property in Bedford for a heliport, alleged to be a nuisance. In determining whether the plaintiff had proven that the defendant's operation of the heliport caused a substantial and unreasonable interference with the plaintiff's use of his property, the trial court considered the applicability of the local zoning ordinance to the defendant's activity. We hold that the trial court erred in ruling as a matter of law that the terms of the zoning ordinance

did not prohibit the use in question. We vacate the judgment below and remand.

The plaintiff and the defendant are owners of large adjoining tracts of land, used for residential purposes and located in a "Residential and Agricultural" zoning district in Bedford. In 1981, the defendant sought approvals from various regulatory authorities to allow him to use a portion of his property to house and operate a helicopter for his private use in commuting to work. All abutting landowners except the plaintiff indicated that they had no objection to the defendant's plans. The plaintiff apparently declined to discuss the plans with the defendant. Although at trial, the defendant requested findings that the plaintiff had been aware of the defendant's plans and had deferred his objections for an unreasonably long term, the trial court declined to grant those requests.

Town officials, responsible for enforcement of the town zoning ordinance, took the position that the ordinance did not forbid the use of the defendant's land for a heliport, and issued the necessary construction permits. The defendant had finished construction and had begun to use the heliport for daily commuting, when the plaintiff brought this suit in 1982. The plaintiff alleged that when landing and taking off, the helicopter produced noise and danger amounting to a private nuisance, which he asked the superior court to enjoin.

A Master (*Chester E. Eaton*, Esq.) heard the case and found no such danger as the plaintiff alleged. He made detailed comparisons of the helicopter's noise with the noise of other motorized vehicles. He found that the noise heard from a point halfway between the heliport and the plaintiff's house during take-off did not significantly exceed the sound of a chain saw at fifty feet.

The master went on to rule that the town had "no ordinance pertaining to helicopters" and that the defendant's use of his helicopter did not violate the ordinance. He then concluded that the defendant's activity did not rise to the level of private or public nuisance. The Superior Court (*Dunn*, J.) accepted the master's recommendation and dismissed the petition.

■ In this appeal we may consider only whether the master abused his discretion or erred as a matter of law. *See Dobson v. Staples*, 123 N.H. 102, 103, 456 A.2d 972, 972 (1983). We conclude that he did commit an error of law in construing the town zoning ordinance, and that this error infects the ultimate ruling that there was insufficient evidence of nuisance.

■ The petition charges "a substantial and unreasonable interference with plaintiff's use and enjoyment of his property," that is, a private nuisance. *Robie v. Lillis*, 112 N.H. 492, 495, 299 A.2d 155,

158 (1972). In determining whether an act interfering with use and enjoyment is so unreasonable and substantial as to amount to a nuisance and warrant an injunction, a court must balance "the gravity of the harm to the plaintiff against the utility of the defendant's conduct, both to himself and to the community." *Id.* at 496, 299 A.2d at 159.

In this process, evidence that the defendant's act violates an applicable zoning ordinance is relevant, though not conclusive. *Page v. Brooks,* 79 N.H. 70, 104 A. 286 (1918). (In *Johnson v. Railroad,* 83 N.H. 350, 357, 143 A. 516, 520 (1928), *Page v. Brooks supra* was overruled, but only to the extent that its holding was contrary to *Hanscomb v. Goodale,* 81 N.H. 150, 124 A. 458 (1923). *Johnson* and *Hanscomb* both dealt with the significance of statutory violations in actions for personal injury; thus *Johnson* apparently left *Page* as good law in nuisance actions. In any event, *Johnson* was itself overruled "[b]y force of [a later] statute . . . ." *Vassillion v. Sullivan,* 94 N.H. 97, 100, 47 A.2d 115, 118 (1946)).

The rule in *Page v. Brooks supra* rests on the fact that such ordinances are highly persuasive indications of what society considers reasonable in the use of property. *Id.* Therefore it was proper for the master in this case to consider the provisions of the town zoning ordinance, even though there was no reference to the ordinance either in the plaintiff's petition or in the defendant's answer.

The plaintiff claimed at trial that the defendant's use of his land for the heliport violated two sections of the ordinance, only one of which, Article VI(A), is relevant to the disposition of this appeal. That article provides that land in the residential and agricultural district shall be subject to "[a]ny use permitted in General Residential District under the same provisions as apply to residence in that District . . ." plus uses for health care, general farming and certain domestic industries. General residential districts are in turn governed by Article IV(B), which allows use for single family houses, common "home occupations," churches, schools and limited "agricultural operations." Article IV(B), 1 provides that "[n]o other uses than those specified here will be permitted."

That last language makes it clear that the Bedford ordinance is an example of the common variety of zoning ordinance that prohibits uses for which it does not provide permission. *See, e.g., Town of Salem v. Durrett,* 125 N.H. 29, 32, 480 A.2d 9, 10 (1984); *Dumais v. Somersworth,* 101 N.H. 111, 113, 134 A.2d 700, 701 (1957); *see also* 4 N. WILLIAMS, JR., AMERICAN LAND PLANNING LAW § 94.14 (1975) (contrasting such "permissive" ordinances with "prohibitory" ordinances, which allow uses not expressly prohibited).

■ "[T]he ordinance was intended to prevent uses . . . except [those] expressly permitted . . . or incidental to uses so permitted." *Dumais v. Somersworth, supra* at 114, 134 A.2d at 701. We have held that where such an ordinance does not otherwise define incidental or accessory use, such use "must be occasioned by the principal use but be subordinate to it . . . [and] customarily associated with the principal use." *Town of Salem v. Durrett, supra* at 32, 480 A.2d at 11 (citations omitted).

■ This type of ordinance may provide for special exception, and the possibility of variance exists. *See* RSA 31:72. But without a special exception or variance, such an ordinance prohibits a particular use of land in the absence of express permission or a finding that the use would qualify as accessory to a use permitted.

The Bedford ordinance does not expressly permit heliports, and the record indicates that the defendant obtained no special exception or variance permitting one. The ordinance therefore prohibited the heliport, absent findings and rulings that it would qualify as an accessory use. The master made no such findings and rulings, apparently because neither party raised the subject.

■ The express findings and rulings that the master did make, however, are inconsistent with the foregoing interpretation of the ordinance. The master denied plaintiff's requests to rule that "use of defendant's property is governed by the zoning ordinance of the Town of Bedford," and that "the uses of defendant's property are restricted to those uses permitted under Article VI(A) and Article IV(B) of said ordinance." Instead, he ruled "that . . . Bedford has no ordinance pertaining to helicopters and that the defendant's private, noncommercial use of his helicopter . . . is not in violation of the Bedford Zoning Ordinance." In the absence of any ruling that the heliport qualified as an accessory use, this was error.

■■ In so concluding, we have not ignored evidence indicating that the Selectmen of Bedford did not believe that the ordinance prohibited the heliport. The construction placed on the ordinance by the local enforcement authorities, while often helpful, is neither conclusive nor binding upon the courts, *Piecuch v. Manchester*, 114 N.H. 8, 10, 314 A.2d 642, 643 (1974), and failure to enforce the ordinance cannot alter its meaning. *Hancock v. Concord*, 111 N.H. 413, 414, 285 A.2d 791, 792 (1971). Such a failure to enforce the ordinance directly should not handicap a private plaintiff who assumes the burden of maintaining a nuisance action to protect himself.

■ Nor have we ignored evidence that, before this case arose, the voters of the town declined to adopt an amendment to the ordi-

nance that would have prohibited heliports expressly. This action could not affect the meaning of the ordinance as construed in accordance with the authority indicated by our citations in this opinion.

 We conclude, therefore, that the master erred in ruling that on the record before him the ordinance did not prohibit the operation of the heliport. Standing alone, however, our conclusion does not require reversal of the judgment, for it is axiomatic that a party may not urge reversal on the basis of an issue he has failed to raise below. *Daboul v. Town of Hampton,* 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983). Since in the trial court neither party raised the issue of accessory use, we would not reverse the judgment at the plaintiff's behest if he were the party with the burden to raise the issue there. We hold, however, that the defendant had the burden to raise the issue and to present evidence bearing upon it.

In determining how to allocate these burdens of pleading and production when accessory use is an issue, we have found little help in prior authority in this jurisdiction. Although there are black letter rules for allocating burdens of pleading and proof, they tend to beg the question. *See, e.g., Hardy v. Merrill,* 56 N.H. 227, 232 (1875) (party has the burden if he would lose his case in the absence of evidence from either side); *Judge of Probate v. Stone,* 44 N.H. 593, 602 (1863) ("the point in issue is to be proved by the party who asserts the affirmative").

 In reality, the allocation of such burdens turns on considerations of fairness, convenience and policy. F. JAMES, JR., CIVIL PROCEDURE § 7.8 (1965). We believe that such considerations require the defendant to raise the issue of accessory use in a case like this. If the rule were otherwise, anyone in the position of the present plaintiff would be required to present evidence that the use in question was not customarily associated with the principal use, even in cases where that could not be a serious issue. Satisfying such a burden would waste judicial time and litigants' money, and the waste would be particularly great when the use in question was not readily observable. We therefore hold that when the legality of a defendant's conduct is to be judged under a zoning ordinance, the defendant who claims the benefit of the accessory use doctrine has the burden to raise it by his pleading.

The same considerations we have discussed call for something more than a mere pleading, however. To ensure that the issue is not raised frivolously, a defendant must also have the burden to go forward with sufficient evidence to make a *prima facie* showing that his use qualifies as an accessory one. *See People v. Kollendar,* 10 N.Y.S.2d 252, 264 (1939) (burden to go forward with proof of pre-ex-

isting non-conforming use is on defendant); C. RATHKOPF, THE LAW OF ZONING AND PLANNING § 45.04, at 45-26, 45-27 (4th ed. 1985). *See also Appeal of White Mts. Educ. Ass'n*, 125 N.H. 771, 777, 486 A.2d 283, 287–88 (1984).

Once the defendant has gone forward with such evidence, however, we see no reason to provide an exception to the plaintiff's general burden to prove the existence of nuisance and the need for an injunction. At that point the risk of a frivolous accessory use issue is past, and there is no unfairness in requiring a plaintiff to overcome a defendant's *prima facie* showing on a point genuinely in issue. Therefore, when the defendant in a case like this has satisfied his burdens of pleading and production on the issue of accessory use, the plaintiff will have the burden to prove that the use in question is not an accessory use.

In order to apply these rules, we vacate the judgment and remand the case to provide the defendant with an opportunity to raise a claim of accessory use and to support the same with evidence, if he chooses to do so. If he does not, or if the plaintiff ultimately carries the burden to prove that the operation of the heliport is not an accessory use, the trial court must rule that the operation of the heliport violates the zoning ordinance.

Once the court has determined the legality of the operation of the heliport in accordance with this opinion, it must consider that conclusion as evidence on the ultimate issue in the case: whether the use in question is so substantial and unreasonable an interference with plaintiff's enjoyment of his property that it constitutes a nuisance and should be enjoined.

*Reversed and remanded.*

All concurred.