Rockingham
No. 84-589

CAROL SOARES & a.
AND LEWIS BUILDERS, INC.

v.

TOWN OF ATKINSON

July 29, 1986

*New Hampshire Legal Assistance*, of Manchester (*Elliott Berry* on the brief and orally), for the plaintiffs Carol Soares and Doris Gagne.

*Craig & Wenners P.A.*, of Manchester (*William Craig* on the brief), and *Elliott Berry* of *New Hampshire Legal Assistance*, orally, for plaintiff Joanne Chaput.

*Fryer, Boutin, Warhall & Solomon P.A.*, of Londonderry (*Robert H. Fryer* and *Carol A. Rolf* on the brief, and *Ms. Rolf* orally), for the plaintiff Lewis Builders, Inc.

*Wiggin & Nourie*, of Manchester (*Gregory A. Holmes* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

This appeal is from a decision by the Trial Court (*Gray*, J.) approving a lengthy report by a Master (*R. Peter Shapiro*, Esq.) which held that the town of Atkinson's zoning ordinances were exclusionary, thus violative of the plaintiffs' constitutional rights. We remand.

In 1977, the town of Atkinson, a small, rural community in southern New Hampshire, bordering Lawrence and Haverhill, Massachusetts, began preparing a master plan. The town planning board adopted the final version of the master plan in December, 1980, which included therein a proposed capital improvement plan and a proposed growth management ordinance. Town voters approved both a growth management ordinance containing a 3 percent yearly growth rate and a zoning ordinance at the March, 1982 town meeting.

Two sets of plaintiffs challenged the zoning ordinance. Several low and moderate income plaintiffs asserted that the ordinance was exclusionary because it did not permit construction of affordable housing in Atkinson and, thus, violated their constitutional right to acquire property. A builder plaintiff alleged that its rights to acquire, possess and use property within the town of Atkinson were violated by the town's zoning ordinance contrary to part I, article 2 of the New Hampshire Constitution.

The master issued a 107-page report in which he entered judgment for the plaintiffs. The master found that Atkinson's land use ordinances, including the zoning, timing of development and growth ordinances, were invalid, exceeding the powers delegated to local communities by the statute, RSA chapter 674 (Supp. 1983), and contravening the New Hampshire Constitution, part I, article 2 and part II, article 5.

Subsequent to that order, and prior to oral argument before this court, the town amended its zoning ordinance, changing the definition of "dwelling unit" to include "four bedrooms, regardless of the number of living units in which the four bedrooms are contained, except in the instance of a single family detached dwelling unit." The town argues that the change in the zoning ordinance renders this case moot. In light of this change in the ordinance, we remand this case to the original master to determine the following issues:

(1) what has been or will be the practical effect on housing construction in Atkinson, of the amendment to Article VI, Section 4 of the zoning ordinance;

(2) what effect, if any, the recent amendment has on what the master found to be the exclusionary nature of Atkinson's land use regulations; and

(3) what additional action, if any, has taken place which would render this case moot.

We issued an order on April 24, 1985, returning jurisdiction of this case to the superior court for entry of a final order. However,

the issues we remand to the master today were not raised in the April, 1985 order.

*Remanded.*