Rockingham
No. 84-589

CAROL SOARES & a. AND
LEWIS BUILDERS, INC.

v.

TOWN OF ATKINSON

May 28, 1987

*New Hampshire Legal Assistance*, of Manchester (*Elliott Berry* on the briefs and orally), for the plaintiffs Carol Soares, Doris Gagne and Joanne Chaput.

*Craig & Wenners P.A.*, of Manchester (*William Craig* on the initial brief), and *Elliott Berry* of New Hampshire Legal Assistance orally, for the plaintiff Joanne Chaput.

*Fryer, Boutin, Warhall & Solomon P.A.*, of Londonderry (*Robert H. Fryer* and *Carol A. Rolf* on the briefs and orally), for the plaintiff Lewis Builders, Inc.

*Wiggin & Nourie,* of Manchester (*Gregory A. Holmes* on the briefs and orally), for the defendant.

JOHNSON, J. This case involves a challenge to the constitutionality of the Atkinson land use ordinances, which allegedly were exclusionary. The Superior Court (*Gray,* J.) approved a report of the Master (*R. Peter Shapiro,* Esq.) finding that the ordinances were unconstitutional and ordering the town to revise them appropriately. On appeal, after briefing and oral argument, we remanded the case for the limited purpose of having the master rule on whether a subsequent change in the ordinance made the constitutional claims moot. *Soares v. Town of Atkinson,* 128 N.H. 350, 512 A.2d 436 (1986). The master responded with a report finding that the constitutional claims of the individual plaintiffs were moot, which was approved by the Superior Court (*Morrill,* J.), and we requested supplemental briefing and reargument. The case is now ripe for decision, and we affirm the decision of the trial court.

The town of Atkinson, with a population of more than 4000, abuts Haverhill, Massachusetts, and is within the area of tremendous growth which has occurred in southern New Hampshire. In fact, the town's population increased ten-fold in the years between 1950 and 1980. The town is considered a bedroom community for the surrounding metropolitan area, and eighty-four percent of the town's working population commutes to another municipality for employment.

In 1980, Atkinson's planning board adopted a master plan, and in March 1982, the town's voters adopted ordinances to implement the plan. The master concluded that the ordinance permitted apartments and mobile homes in rural residential clusters but, depending on the zoning district, required a minimum of either two or three acres for an individual apartment unit or mobile home. The low and moderate income plaintiffs in this case introduced evidence of their lack of success in finding affordable housing in Atkinson.

The plaintiff Lewis Builders, Inc. is a local corporation engaged in several phases of the real estate business. Lewis Builders built 375 housing units in Atkinson prior to 1977, and between 1977 and 1980 built approximately 100 single-family homes in the town. In addition, that plaintiff also built, owns and manages Atkinson's only multi-family complex, consisting of 129 one-bedroom and efficiency units.

On August 23, 1979, Lewis Builders presented a development proposal to the Atkinson Planning Board. The plan consisted of a project to develop 87.5 acres of land for residential purposes as follows: twenty-two single-family residences, forty-eight publicly-

assisted apartments for the elderly, sixty efficiency apartments, eight publicly-assisted one-bedroom apartments for low income families, and sixteen publicly-assisted two-bedroom apartments for low income families. The proposed project was rejected by the planning board because it did not conform to the then-existing zoning ordinances. The zoning board of adjustment refused to grant a special exception. The plaintiff builder did not appeal from that determination.

This case was brought originally to contest the constitutionality of the zoning ordinances in the town of Atkinson.

> "Several low and moderate income plaintiffs asserted that the ordinance was exclusionary because it did not permit construction of affordable housing in Atkinson and, thus, violated their constitutional right to acquire property. A builder plaintiff alleged that its rights to acquire, possess and use property within the town of Atkinson were violated by the town's zoning ordinance contrary to part I, article 2, of the New Hampshire Constitution."

*Soares v. Town of Atkinson,* 128 N.H. at 351, 512 A.2d at 437.

The master's initial 107-page report included an analysis of the then-existing ordinances. He rendered a judgment for the plaintiffs. The judgment was rendered on the basis that the ordinances were invalid because they exceeded the powers delegated to local communities by RSA 674:16 *et seq.* and because they were repugnant to the New Hampshire Constitution, part I, article 2 and part II, article 5. The defendant filed an appeal, the plaintiff Lewis Builders cross-appealed, and, prior to the time we heard oral argument, the town amended the zoning ordinance which was under attack. We remanded the case to the master for the limited purpose of determining whether the amended ordinance rendered the issues in this case moot. *See Soares v. Atkinson supra.*

The master responded with a report released October 30, 1986, and approved by the superior court. In it, the master addressed the concerns expressed in our remand of the case: the practical effect of the ordinance on housing construction in Atkinson, the effect of the zoning amendments on the nature of the land use regulations, and what additional action, if any, may have taken place to render the case moot. *Soares v. Atkinson supra.*

The master stated that the amended ordinance was not patently unconstitutional since the ordinance did not limit ownership of land to a specific class of individuals or restrict the use of land so as to preclude specific uses, such as multi-family dwellings or mobile homes.

The master also found that the amendment to the ordinance renders moot the constitutional claims of the low and moderate income plaintiffs. These plaintiffs assert that the constitutional issues are capable of repetition and should be considered by this court. We agree that these issues may come before us again, but we shall not consider them further at this time.

■ We proceed then to the claim of Lewis Builders for remedial relief. Our standard of review is clear: on appeal of a master's findings and rulings, the only consideration is whether the master abused his discretion or erred as a matter of law. *Treisman v. Kamen*, 126 N.H. 372, 374, 493 A.2d 466, 469 (1985).

■■ Lewis Builders claims that it is entitled to three kinds of relief: (1) a so-called "builder's remedy," (2) attorney's fees, and (3) damages. The first does not require ˋextended discussion. A "builder's remedy" is the specific granting to a developer of a right to complete a proposed project. The master reasonably found that the granting of such a remedy is discretionary and that it was inappropriate in this case, in part because there was no assurance that the project as ultimately built would in fact vindicate the rights of the low and moderate income plaintiffs, and in part because the ordered revision of the ordinances would permit building of the project.

The builder plaintiff asserts that its case is similar to *Burrows v. City of Keene*, 121 N.H. 590, 432 A.2d 15 (1981), and that it is entitled to costs and attorney's fees, as we allowed them in *Burrows*. We disagree.

*Burrows* was an inverse condemnation case. The city of Keene designated the plaintiffs' land as a conservation district and, thus, substantially deprived the plaintiffs of the economical use of their land. We held that such action constituted a taking and that the plaintiffs were entitled "to compensation for inverse condemnation in an amount equal to the diminution in the value of all of the plaintiffs' land resulting from the regulation." *Id.* at 601, 432 A.2d at 22.

In addition, in *Burrows*, the plaintiffs were being asked to shoulder the entire financial burden of an ordinance designating their land a conservation district. The situation here is that the builder plaintiff challenged an ordinance which precluded it from carrying out a specific development proposal. The plaintiff has not been deprived of the development of its land altogether. We agree with the master, who stated in the original report that the "plaintiff does not have a 'right' to construct low and moderate income housing, although it does have the right to make a reasonable use of its property." It is possible that the plaintiff could still have made a

reasonable use of its property and that an alternative proposal might have been approved by the town.

 Further, the builder is not entitled to attorney's fees or costs because it did not receive a judicial remedy. Unlike the situation in *Burrows*, where the plaintiffs received a judicial remedy in the form of a finding that the land was taken, and where the plaintiffs were found to be entitled to compensation for that taking, the builder's relief here came in the form of an amended ordinance and not from a judicial decision. Its remedy, then, was legislative, rather than judicial.

 Finally, Lewis Builders is not entitled to damages. The town of Atkinson adopted a zoning ordinance which a master found to be unconstitutional. Subsequent to that finding, the town amended its ordinance. The same master reviewed the amendment and found that it was not unconstitutional as amended. Thus, we cannot say, as the builder asserts, that the plaintiff here is entitled to compensation as were the plaintiffs in the *Burrows* case. There has been no inverse condemnation and no taking here. According to the amendment, the builder is entitled, upon town approval, to build its project as proposed. It is not entitled to the same remedy as the plaintiff whose property has been "taken" or the value of which has diminished "substantially" due to governmental action. We find no reason to grant an award of damages to the builder.

Accordingly, we affirm the trial court's decision.

*Affirmed.*

All concurred.