Hillsborough
No. 87-394

PATRICK MCGOVERN & a.

v.

CITY OF MANCHESTER & a.

July 11, 1988

*Brown and Nixon P.A.*, of Manchester (*David W. Hess* and *Francis G. Murphy, Jr.*, on the brief, and *Mr. Hess* orally), for the plaintiffs.

*Backus, Meyer & Solomon*, of Manchester (*Michael E. Ipavec* on the brief and orally), for the intervenor, Paul Cowette.

*Thomas R. Clark*, assistant city solicitor, filing a joint brief with the intervenor, by brief for the defendants.

BROCK, C.J.   The plaintiffs, who are neighbors of the intervenor, appeal the Trial Court's (*Pappagianis*, J.) dismissal, on grounds of mootness, of their pending appeal, in which they attacked the

validity of the city's rezoning of the intervenor's land. The plaintiffs argue that the trial court erred in dismissing their appeal without a hearing and that they are entitled on remand to a hearing and an opportunity to amend their pleadings. For the reasons that follow, we affirm in part, reverse in part, and remand.

Both intervenors in the trial court, Paul Cowette and Peter Spiewak, own or control 260 acres of land on Bodwell Road in Manchester. On May 6, 1986, the Manchester Board of Mayor and Aldermen (the board), acting pursuant to the intervenors' previous request, rezoned the 260-acre parcel from residential single-family to residential multi-family.

On April 7, prior to its vote to rezone the property, the board held a public hearing on the petition to rezone. The board's committee on bills on second reading met on April 14, and recommended that the zoning amendment pass. At this meeting the mayor, chief of police, and school superintendent spoke out against the proposed zoning amendment. At the meeting of the board on May 6, 1986, and despite numerous recommendations made against it, the board voted eight-to-three to adopt the zoning amendment. The mayor vetoed it; however, a susequent vote of eight aldermen overrode that veto.

On May 20, 1986, the plaintiffs requested that the board reconsider the zoning amendment, which request was denied. On June 17, 1986, the plaintiffs appealed to the superior court and argued that the board's actions were unlawful and/or unreasonable because they amounted to spot zoning, failed to comply with the provisions of RSA chapter 674 (concerning local land use planning), and denied the plaintiffs due process.

On October 27, 1986, prior to any adjudication in court on the merits of the plaintiffs' pending appeal, the intervenors petitioned the board once again to rezone their land. On April 21, 1987, the board voted to rezone approximately 210 acres of the subject land from residential multi-family to a residential single-family classification of higher density than the classification in which the land had previously been zoned prior to the amendment of May 6, 1986. The board also voted to rezone approximately 2 acres of land for local business. The board made no change to, or mention of, the zoning of the remaining 49 acres, and they continue to be zoned residential multi-family as a result of the amendment of May 6, 1986.

The plaintiffs did not appeal the zoning amendment of April 21, 1987. Rather, they moved to amend their pending appeal from the previous rezoning to include the fact of the later rezoning and

alleged, *inter alia,* that the later rezoning was "unlawful and/or unreasonable" for the same reasons as were specified in their challenge to the zoning amendment of May 6, 1986.

The intervenors and the defendant moved to dismiss the plaintiffs' claims on the ground that the April 21, 1987 zoning amendment mooted the appeal pending from the board's decision of May 6, 1986. At a hearing on both the motion to amend and the motion to dismiss, the court denied the plaintiffs' request to amend and dismissed the suit on grounds of mootness. After the court denied their motion for reconsideration, the plaintiffs appealed to this court.

The plaintiffs' appeal raises the following three issues for our consideration: (1) whether the trial court erred in ruling that the rezoning amendment of April 21, 1987, mooted the plaintiffs' pending appeal from the rezoning decision of May 6, 1986; (2) whether the trial court erred in making findings of fact on the pleadings while dismissing the plaintiffs' claims; and (3) whether the trial court abused its discretion in failing to allow the plaintiffs to amend their pending appeal to include reference to the 1987 rezoning. Because we rule that the trial court erred in dismissing the plaintiffs' then-pending appeal as moot, and remand the case on that ground, we need not address the merits of the plaintiffs' second issue, where it seeks the same result.

I. *Mootness.*

■ The trial court stated that "[t]he April 21, 1987, vote reduced the extent of the property zoned as R-SM [residential-suburban multi-family] from about 260 acres to about 49 acres, and placed about 210 acres into [an] R-1B [residential single-family] Zoning district, and about two acres in a B-1 [local business] zoning district." After discussing the "time of decision" rule, the court went on to conclude that, "[a]s a result of the April 1987 vote, *the May, 1986 zoning classification was no longer in effect,* rendering plaintiffs' appeal from the May, 1986 vote moot." (Emphasis added.) This was erroneous for a number of reasons.

The 49 acres zoned residential multi-family were classified that way as a result of the rezoning amendment of May 6, 1986, not as a result of the board's vote on April 21, 1987. The court erred in concluding that the amendment of April 21, 1987, acted upon all of the 260 acres. It did not. The amendment on April 21, 1987, limited itself to 212 acres: the 210-acre parcel rezoned to a higher density residential single-family, and the 2-acre parcel rezoned for local business. In fact, the remaining 49 acres were unaffected by

the amendment of April 21, 1987, and the plaintiffs' claims as to that land are certainly not moot.

We believe the court also erred in concluding that by merely rezoning part of the land the plaintiffs' claims as to that part became moot. The court's conclusion failed to recognize or consider the proper application of the "time of decision" rule, which is discussed more fully below. The court, on remand, should apply the zoning *currently in effect* over all of the land which is the subject of the plaintiffs' challenge in reaching a decision as to whether or not certain of the rezoning has mooted a portion of the plaintiffs' claims.

II. *Time of Decision Rule.*

The plaintiffs argue further that they should be entitled to amend their appeal to include the facts of the April 21, 1987 rezoning. The defendants and sole intervenor on appeal counter that the plaintiffs' purported amendment to their pleadings is, in reality, an attempt at a separate appeal and must fail because the plaintiffs failed to act within the 30-day time limit prescribed by RSA 677:4. Neither party articulates very well, if at all, how the "time of decision" rule affects this issue.

If a zoning ordinance is amended during the period of time that an appeal is pending from the original or earlier ordinance, and assuming no bad faith or intent to delay on the part of the rezoning authority, the time of decision rule, which is followed in a majority of jurisdictions, provides that a reviewing court should analyze an appeal based on the zoning amendment then currently in effect. 4 R. ANDERSON, AMERICAN LAW OF ZONING § 27.38 (3d ed. 1986): 2 A. RATHKOPF, THE LAW OF ZONING AND PLANNING § 26.02[1] (1987); *see also McCallum v. Inland Wetlands Commission,* 196 Conn. 218, 223, 492 A.2d 508, 510 (1985); *Thomas v. Zoning Bd. of Appeals, Etc.,* 381 A.2d 643, 646 (Me. 1978). To the extent that previous decisions of this court have not expressly adopted this rule and the issue needs clarification, we hold that where, prior to a final adjudication in an action challenging a zoning classification, a zoning authority properly, and not in bad faith or with an intent to delay, amends the zoning ordinance in effect over the particular parcel of land that is the subject of the challenge, the time of decision rule is to be applied and the case decided on the basis of the ordinance currently in effect. *See Soares v. Town of Atkinson,* 129 N.H. 313, 529 A.2d 867 (1987); *Soares v. Town of Atkinson,* 128 N.H. 350, 512 A.2d 436 (1986); *Town of Nottingham v. Lee Homes, Inc.,* 118 N.H. 438, 388 A.2d 940 (1978); *see also Hatcher v. Planning*

*Board of Village,* 490 N.Y.S.2d 559 (1985) (hearing needed to resolve claim of bad faith).

■■ The two rezoning amendments in this case constitute separate and independent local legislative acts, and we agree with the defendants and intervenor that the plaintiffs had to appeal the April 21 decision in a timely manner in order to challenge it directly. *See* RSA 677:4; *see also Keene v. Zoning Bd.,* 114 N.H. 744, 746, 329 A.2d 141, 142 (1974) (20-day period for motion for rehearing under RSA 31:74 (1970), now RSA 677:2); *Salmonsen v. Rindge,* 113 N.H. 46, 48, 299 A.2d 926, 927 (1973) (30-day appeal period after board action under RSA 31:77 (1970), now RSA 677:4). However, the time of decision rule recognizes that by the time a challenge to a particular zoning amendment is heard, new zoning may have been enacted. The rule provides that to the extent that a new zoning amendment does not moot the plaintiffs' original claims, the new zoning applies to determine how the plaintiffs' original claims should be judged.

*Affirmed in part; reversed in part; remanded.*

All concurred.