# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0117, <u>Laurent Boisvert, II & a. v. Town of Lyndeborough</u>, the court on October 25, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiffs, Laurent Boisvert, II, and Portable Privies, Inc., appeal the order of the Superior Court (<u>Messer</u>, J.), affirming the decision of the Zoning Board of Adjustment (ZBA) for the Town of Lyndeborough (town) upholding the decision of the town's code enforcement officer (CEO) to deny their application to operate a portable toilet business as a home business. They argue that the court erred in: (1) upholding the ZBA's decision to apply the 2018 ordinance; (2) finding that permissible home business activities do not include outdoor cleaning and repair of portable toilets; and (3) concluding that the business is not "incidental and secondary" to the property's residential use. We affirm.

Judicial review in zoning cases is limited. <u>Bartlett v. City of Manchester</u>, 164 N.H. 634, 639 (2013). The superior court must treat all factual findings of the ZBA as <u>prima</u> <u>facie</u> lawful and reasonable, and may not set aside or vacate the ZBA's decision, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that the decision is unreasonable. <u>Id</u>.; <u>see</u> RSA 677:6 (2016). The superior court does not determine whether it agrees with the ZBA's findings, but whether there is evidence upon which they could have been reasonably based. <u>Dartmouth Corp. of Alpha Delta v. Town of Hanover</u>, 169 N.H. 743, 750 (2017). In turn, we will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous. <u>Harborside Assocs. v. Parade Residence Hotel</u>, 162 N.H. 508, 512 (2011).

Boisvert operates Portable Privies, Inc., a portable toilet business, from an office in his home. The business owns approximately eighty portable toilets, and at any given time, up to fifty or more toilets are located at customer sites. The remainder are stored on the property approximately 300 feet from the road, behind a farmhouse and beyond public view. Some of the toilets are stored in trailers in the same area of the property. A commercial tank truck transports toilets to and from customer sites and waste to a treatment plant.

The tank truck holds up to four toilets. Occasionally, the business uses a utility trailer to transport additional toilets. The truck, and occasionally the trailer, is parked in the driveway when not in use. The removal of waste and

the disinfecting of the toilets takes place at customer sites. Additional activity on Boisvert's property includes pressure washing toilets and performing minor repairs. On March 22, 2018, the CEO denied the plaintiffs' home business application, and on September 13, 2018, the ZBA upheld the CEO's decision.

The plaintiffs first argue that the superior court erred in upholding the ZBA's decision to apply the 2018 ordinance, given that the CEO's decision was based upon the 2017 ordinance. "If a zoning ordinance is amended during the period of time that an appeal is pending from the original or earlier ordinance, and assuming no bad faith or intent to delay on the part of the rezoning authority, the time of decision rule, which is followed in a majority of jurisdictions, provides that a reviewing court should analyze an appeal based on the zoning amendment then currently in effect." McGovern v. City of Manchester, 130 N.H. 628, 631 (1988), disapproved of on other grounds by Blue Jay Realty Trust v. City of Franklin, 132 N.H. 502, 513 (1989). "[W]here, prior to a final adjudication in an action challenging a zoning classification, a zoning authority properly, and not in bad faith or with an intent to delay, amends the zoning ordinance in effect over the particular parcel of land that is the subject of the challenge, the time of decision rule is to be applied and the case decided on the basis of the ordinance currently in effect." Id.

The superior court ruled that the ZBA correctly applied the "time of decision" rule, finding that the town did not act in bad faith. The record supports this finding. Although the town misplaced the plaintiffs' application, which delayed the CEO's decision, nothing in the record suggests that the delay was intentional, or that the ordinance changes were in response to the application. Moreover, we agree with the court that "the relevant language . . . in the 2017 and 2018 ordinances does not constitute such a difference as would lead to a different result." Accordingly, the court did not err in affirming the decision to apply the 2018 ordinance. See McGovern, 130 N.H. at 631.

The plaintiffs next argue that the superior court erred in affirming the ZBA's decision that the home business provisions in the ordinance do not allow for outdoor cleaning and repair of portable toilets on the property. The ordinance requires that the home business activity take place "within a residence or an accessory building," Lyndeborough, N.H., Zoning Ordinance § 1200(A)(2) (2018), and that "[e]xterior storage of materials and equipment must be screened from view from any public road or abutting property," id. at § 1200(C)(5). The superior court concluded that the plaintiff's business, which involves the outdoor cleaning and repair of portable toilets, is not allowed under these provisions. The plaintiff argues that not all business activity must take place within a residence or accessory building, and that the outdoor cleaning and repair of portable toilets is merely incidental to the "[e]xterior storage of materials and equipment." We conclude that the evidence supports the superior court's decision. See Harborside Assocs., 162 N.H. at 512.

The plaintiffs next argue that the superior court erred in affirming the decision that the portable toilet business is not "incidental and secondary to the residential use of the dwelling unit." See Ordinance § 1200(A)(2). The plaintiffs argue that the business is incidental and secondary to the residential use of the dwelling unit because "[o]nly a fraction of an acre is dedicated to the storage of portable toilets at the [p]roperty, and except for the truck and trailer with their occasional cargo parked in the driveway, the business is completely out of sight, has little if any environmental impact . . . and generates no noise or odor or other annoyances for its neighbors and abutters." We conclude that the record supports the superior court's conclusion that, with the storage of up to thirty or more portable toilets on the property, "[t]he size of the business operation alone tips in favor of finding [the business use] equal to or even greater than the residential use of [the plaintiffs'] property." See Harborside Assocs., 162 N.H. at 512.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3